It is conceded that the relator's injury occurred in and arose out of the course of his employment. No new or different injury is alleged; no consequences of a new or different kind are set forth. In his application for modification of award he states: "Claimant's condition is growing progressively worse." He adheres consistently to this theory.
The commission took jurisdiction to adjust the claim and made its finding as to the extent of his disability. No jurisdictional question is involved. Metal Specialty Co. v.Gregory et al., Indus. Comm., ante, 452, 191 N.E. 701. He is not, therefore, entitled to a rehearing.
Has there been a final determination upon the extent of his disability? The relator asserts there has not, and presents his version of the order of January 20, 1932, in support of his assertion. According to that version, the case was continued. According to the respondent's version of that order the case was not continued and a final order has been made in a field in which the commission's jurisdiction is final. Section 1465-90, General Code.
Resorting to the file of original papers in the office of the commission we find that it appears that the text of the order as quoted in the brief of the respondent is taken from a document addressed "To The Otis Steel Company, Cleveland, Ohio, Attention: F. T. Robertson." It recites: "Notice is hereby given of the following findings of fact this day made by The Industrial Commission of Ohio in the claim of Frank Cundiff", etc. Then follows the text of the alleged order.
Immediately preceding this in the file, however, is *Page 639 
another document entitled "Memorandum of Findings and Orders" which purports to be a minute of the proceedings of the commission. It recites the presence of the three sitting members of the commission. It says: "Mr. Leonard moved that the recommendation made in this case be adopted. This motion was seconded by Mr. Nysewander and voted upon as follows: Mr. Nysewander, aye; Mr. Gregory, aye; Mr. Leonard, aye."
The recommendation referred to immediately precedes this document in the file and is as follows:
"Recommendation: That the Commission find from the proof of record, claimant was disabled for the period for which compensation has been paid. Case, therefore, is continued.
"That Fee Bills, as approved, be sent to the employer for payment."
Section 1465-40, General Code, relating to the Industrial Commission says in part:
"All proceedings of the board shall be shown on its record of proceedings, which shall be a public record, and shall contain a record of each case considered, and the award made with respect thereto, and all voting shall be had by the calling of each member's name by the secretary and each vote shall be recorded as cast."
As was said by this court in Industrial Commission v. Hogle,108 Ohio St. 363, 140 N.E. 612, "The Commission speaks only by its record, as is provided by Section 1465-40, General Code, * * *."
There being no journalized record of the proceedings of the commission, the document above referred to, carrying a record of the vote of the commissioners, must be taken to be the official record of its act in this case. That document incorporates by reference the recommendation above quoted, and the case must, therefore, be deemed to have stood continued by the commission's order. Since that time there have been no hearings. *Page 640 
The result of a hearing is a matter for determination by the commission. But, in our opinion, the claimant is entitled on this record to receive a hearing on his application for modification of award and the writ will be issued accordingly.
Writ allowed.
WEYGANDT, C.J., STEPHENSON, ZIMMERMAN and WILKIN, JJ., concur.
MATTHIAS, J., not participating.