This action comes before this court on the respondent-claimant's motion to dismiss and motion for summary judgment.
Relator-employer, Cleveland, Columbus, Cincinnati Highway Company, filed a petition for a writ of mandamus with this court on May 6, 1980. Respondent-claimant, Harry G. Andrews, was authorized to receive chiropractic treatments for injury to left shoulder, neck and head, superimposed on preexisting arthritis. Said injury was found to have been sustained while in the course of and arising out of Andrews' employment with relator. After treatment had been received by Andrews for two years without any improvement, relator sought a reevaluation of the propriety of paying chiropractic bills incurred after September 24, 1976. On April 14, 1978, the *Page 42 
Dayton Regional Board of Review vacated a May 16, 1977 order of a hearing officer which had held that chiropractic treatment was the necessary and proper treatment for the allowed injuries and had ordered continued payment by relator, a self-insuring employer. Andrews did not appeal the ruling of the Dayton Regional Board of Review which ruling effectively relieved relator from all payments for chiropractic treatment after September 24, 1976.
On May 15, 1978, Andrews filed a request to change physicians from his previously employed chiropractor to Dr. R. Jebson. On December 4, 1978, a hearing officer of the respondent Industrial Commission granted the request to change physicians and ordered relator to pay for the chiropractic treatments received by Andrews from September 24, 1976, to May 1, 1978. Said decision was vacated by order of the Dayton Regional Board of Review. On October 12, 1979, the Industrial Commission reinstated the order authorizing the change of physicians and ordering payment of the chiropractic treatments.
Andrews' motion to dismiss the petition for a writ of mandamus claims that the petition fails to set forth any legal basis for the writ. Upon examination of relator's petition, it is clear that relator is claiming that it was an abuse of discretion for the Industrial Commission to modify the final order of April 14, 1978, which was issued by the Dayton Regional Board of Review and was not appealed, since the Industrial Commission did not have jurisdiction to modify the order pursuant to R. C. 4123.52.
"The Industrial Commission has discretion to determine whether there is evidence of fraud, new or changed circumstances occurring subsequent to * * * [an] order, or a mistake prejudicing one of the parties prior to [the] exercise of * * * [its] continuing jurisdiction pursuant to R. C. 4123.52 to change * * * [an] order which has * * * become final. * * *"State, ex rel. Bd. of Edn., v. Johnston (Franklin Co. Ct. of Appeals No. 77AP-910, June 22, 1978), unreported, affirmed (1979), 58 Ohio St.2d 132. The exercise of this discretion is a proper subject matter for the issuance of a writ of mandamus. Andrews' motion to dismiss is hereby overruled, as relator's petition reasonably sets forth a legal basis for the issuance of a writ of mandamus. *Page 43 
Andrews has also filed a motion for summary judgment, maintaining that there is no issue as to any material fact within the cause of action. Andrews states, within his motion, that the issue before this court is whether there is sufficient evidence to support the Industrial Commission's order of October 12, 1979. Andrews has misstated the issue. Clearly, the issue before this court is whether the Industrial Commission had proper continuing jurisdiction pursuant to R. C. 4123.52 to reverse the April 14, 1978 order of the Dayton Regional Board of Review upon the failure of Andrews to perfect an appeal.
Faced with the issue of whether the Industrial Commission had proper continuing jurisdiction pursuant to R. C. 4123.52, this court must determine whether there is evidence of fraud, or of new or changed circumstances which occurred subsequent to the April 14, 1978 decision of the Dayton Regional Board of Review, or of a mistake prejudicing one of the parties. As indicated in Civ. R. 56, summary judgment shall not be rendered when there is a genuine issue as to any material fact.
For the foregoing reasons, respondent Andrews' motion to dismiss and motion for summary judgment are overruled.
Motion to dismiss overruled;Motion for summary judgment overruled.
REILLY and McCORMAC, JJ., concur.