THE STATE, EX REL. KEITH, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT.

[Cite as *State, ex rel. Keith, v. Indus.
Comm.* (1991), 62 Ohio St.3d 139.]

(No. 90–1637—Submitted September 10, 1991—Decided November 27, 1991.)

*Harris, Bella & Burgin, Ronald T. Bella* and *Mark L. Newman,* for appellee.

*Lee I. Fisher,* Attorney General, and *Jeffery W. Clark,* for appellant.

*Per Curiam.* The determinative issue in this appeal is whether the appellant-commission had the requisite jurisdiction to reconsider appellee's entitlement to temporary total disability compensation awarded prior to January 24,

1987.[1] For the reasons that follow, we find that the evidence adduced below did not support the commission's vacation of compensation awarded to appellee prior to January 24, 1987 and, therefore, we affirm the decision of the court of appeals below in issuing a limited writ of mandamus.

In *State, ex rel. Gatlin, v. Yellow Freight System, Inc.* (1985), 18 Ohio St.3d 246, 18 OBR 302, 480 N.E.2d 487, this court, *inter alia,* reviewed the issue of whether the commission is vested with continuing jurisdiction to reconsider a prior award under R.C. 4123.52. Therein, this court observed:

"On numerous occasions this court has examined the parameters of R.C. 4123.52 and its predecessor, G.C. 1465–86. See, *e.g., State, ex rel. Weimer, v. Indus. Comm.* (1980), 62 Ohio St.2d 159 [16 O.O.3d 174, 404 N.E.2d 149]; *State, ex rel. Bd. of Edn., v. Johnston* (1979), 58 Ohio St.2d 132 [12 O.O.3d 128, 388 N.E.2d 1383]; *State v. Ohio Stove Co.* (1950), 154 Ohio St. 27 [42 O.O. 117, 93 N.E.2d 291]; *State, ex rel. Griffey, v. Indus. Comm.* (1932), 125 Ohio St. 27 [180 N.E. 376]; *State, ex rel. Kilgore, v. Indus. Comm.* (1930), 123 Ohio St. 164 [174 N.E. 345]; *Indus. Comm. v. Dell* (1922), 104 Ohio St. 389 [135 N.E. 669]. A reading of the aforementioned cases demonstrates that the commission's authority under R.C. 4123.52 to make changes or modifications to prior orders is not unlimited. Instead, and in order to provide some degree of finality to an order of the commission, this court has heretofore construed R.C. 4123.52 as authorizing a modification in cases such as where: (1) conditions have changed subsequent to the initial award (*State, ex rel. Bd. of Edn., v. Johnston, supra*); and (2) the award was obtained fraudulently (*State, ex rel. Kilgore, v. Indus. Comm., supra*); or (3) in those instances where a clerical error affected the award (*State, ex rel. Weimer, v. Indus. Comm., supra*)." *Id.,* 18 Ohio St.3d at 248, 18 OBR at 304, 480 N.E.2d at 489–490, fn. 6.

The commission submits that this court's recent pronouncement in *State, ex rel. Manns, v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379, supports the view that the discovery of undisclosed behavior by a claimant that appears to be incompatible with entitlement to disability compensation is sufficient to trigger the exercise of continuing jurisdiction of the commission. We disagree under the facts in this case.

As noted by the court of appeals below, the commission's argument in this realm appears to implicate the first prong of the *Gatlin* test, *i.e.,* that conditions have changed subsequent to the initial award. However, we agree

---

1. The appellee-claimant has not contested the court of appeals' denial of the writ of mandamus with respect to temporary total disability compensation paid subsequent to the January 23, 1987 order of the district hearing officer.

with the appellate court's observation that while the evidence that appellee was bowling during the period of his initial disability award was newly acquired, such is not evidence that "conditions have changed subsequent to the initial award." See, also, *State, ex rel. Griffey, v. Indus. Comm.* (1952), 125 Ohio St. 27, 180 N.E. 376; and *State, ex rel. Bd. of Edn., v. Johnston* (1979), 58 Ohio St.2d 132, 12 O.O.3d 128, 388 N.E.2d 1383.

Likewise, the second prong of *Gatlin, i.e.,* that the award was obtained fraudulently, is not supported by the evidence developed below. Once again, this aspect of the case was properly analyzed by the appellate court:

"While the commission orally argued that the record contains evidence of fraud, the facts [do not] appear to fall within the second prong of the *Gatlin* test, see *State, ex rel. Highway Co., v. Indus. Comm.* (1980), 70 Ohio App.2d 41 [24 O.O.3d 37, 434 N.E.2d 279], [and] further search of the record reveals that the evidence is insufficient. The record consists of a number of statements that relator's bowling activity actually occurred during a period of temporary total disability, statements from relator's treating physician that he did not recommend or authorize bowling for claimant as a form of exercise and was unaware that claimant was bowling during the period of his disability, and relator's own statement that he 'didn't know the issue of bowling would be like this or I would *never* have done it. But bowling *1 nite [sic] a week* for 2 hours is much different than 8 hours every day of heavy lifting.' Considered as a whole, the foregoing is not evidence of fraud. While further development of the issue may have revealed evidence of fraud, we are unable to conclude that such evidence exists in the record in its present state." (Emphasis *sic.*) The third prong listed in *Gatlin* is also not implicated under the instant facts.

Based on the particular facts propounded in the cause *sub judice*, as well as the test outlined in *Gatlin, supra,* we hold that the evidence herein was insufficient, as a matter of law, to support the exercise of continuing jurisdiction by the commission pursuant to R.C. 4123.52. In this vein, we hold that it was improper for the commission to modify the order of the district hearing officer and essentially vacate appellee's disability award prior to January 24, 1987.

Accordingly, we affirm the appellate court's issuance of a limited writ of mandamus, which ordered the commission to modify its August 10, 1988 order, so that it vacates the regional board's declaration of an overpayment and denial of temporary total disability compensation that was paid to appellee prior to January 24, 1987.

*Judgment affirmed.*

Sweeney, Douglas, H. Brown and Resnick, JJ., concur.

Moyer, C.J., Holmes and Wright, JJ., dissent.

Holmes, J., dissenting. I must dissent in that I believe that the Industrial Commission, in view of these particular facts, maintained continuing jurisdiction of this claim, and reasonably and lawfully ordered a denial of further temporary total disability compensation, and declaration of overpayment of the prior award.

The claimant filed his application for, and was awarded, workers' compensation benefits for injury to his lower back. While the claimant was still receiving such compensation, the employer, through the news media, became aware that the claimant was actively, and quite successfully, involved in the competitive bowling circuit, despite his alleged low back disability. At this point, the employer filed its request in the claim contesting the payment of temporary total benefits.

In the case at bar, relator sought and was awarded temporary total disability benefits, *i.e.*, his representations were accepted that he was unable to return to his former position of employment due solely to his allowed condition of "low back strain." During most of the period when such benefits were being paid, relator engaged regularly and highly successfully in a sporting activity which required repeated bending, lifting, twisting and throwing motions involving a ball weighing as much as sixteen pounds.

The court of appeals agreed with respondent Industrial Commission that such evidence, when compared to relator's light-to-moderate work duties in his job description, clearly supported a finding that relator had been and continued to be engaged in activities inconsistent with a finding of temporary total disability.

The court of appeals then determined that the commission, while empowered to cut off further benefits, could not exercise its continuing jurisdiction over previous orders to reach back the maximum of two years and conform the benefits previously awarded to the newly discovered evidence of relator's sports activities.

The commission clearly has authority under R.C. 4123.52 to modify previous orders where new and changed circumstances, such as the discovery of relator's bowling escapades, are uncovered. *State, ex rel. Cleveland, Columbus, Cincinnati Highway Co., v. Indus. Comm.* (1980), 70 Ohio App.2d 41, 24 O.O.3d 37, 434 N.E.2d 279; *State v. Ohio Stove Co.* (1950), 154 Ohio St. 27, 42 O.O. 117, 93 N.E.2d 291. The Tenth District Court of Appeals, which rendered the decision below, has not hesitated in the past to uphold the commission's declaration of an overpayment where a claimant was discovered

to have engaged in odd job activities incompatible with the receipt of temporary total disability benefits. *State, ex rel. Sowders, v. Indus. Comm.* (Dec. 3, 1987), Franklin App. No. 86AP–614, unreported.

This court recently emphasized the breadth and scope of the commission's continuing jurisdiction in *State, ex rel. Manns, v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 529 N.E.2d 1379, where it held that a previous error by the commission's own employees was sufficient reason for the commission to invoke its continuing jurisdiction and correct the mistake. If innocent error inconsistent with entitlement to benefits is sufficient to trigger the exercise of continuing jurisdiction, how much more so is the discovery of undisclosed behavior by a claimant incompatible with entitlement to such benefits?

It would be unreasonable to reward relator's behavior by limiting the commission to termination of future benefits. The court of appeals, ruling here in conflict with its own previous decision in *Sowders, supra,* creates a windfall to relator for a period during which he successfully avoided discovery of his diligent practice and notable triumphs on the bowling lanes. There is nothing in the language of R.C. 4123.52 which protects relator from correction of awards made under such circumstances.

R.C. 4123.52 provides, in pertinent part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * *"

Other than general time limitations, the remainder of the statute places no limits on the commission's discretion in modifying its "former findings or orders." While I recognize that the commission cannot simply reach back and change its mind on a previous finding or order without some reason, I believe that it is reasonable to conclude that the commission has broad discretion, expressly conferred by the statute, to make such modification where it specifically refers to some justification.

The Industrial Commission, and the employer, acted on previously unknown, dramatic evidence, revealed in the news media, and did so promptly. The modification of the previous order was as fully justified as was the refusal to award further benefits. The effect of this modification was to conform the award of benefits to the truth of relator's physical abilities, and was in no way a violation of the letter or intent of the controlling statute, R.C. 4123.52.

I would therefore reverse the judgment of the court of appeals consistent with this dissent, and deny the writ of mandamus requested by the relator.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.