THE STATE, EX REL. SUPERIOR'S BRAND MEATS, INC., APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State, ex rel. Superior's Brand Meats, Inc.,*
*v. Indus. Comm.* (1992), 63 Ohio St.3d 277.]

(No. 90–1569—Submitted October 8, 1991—Decided March 18, 1992.)

278

*Buckingham, Doolittle & Burroughs, Brett L. Miller* and *Eleanor J. Tschugunov,* for appellant.

*Cranston & Brian Co., L.P.A.,* and *Richard F. Brian,* for appellee Cornelius W. Smith.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Scott A. Armour,* for appellee Industrial Commission.

HOLMES, J. The first issue addressed by the court of appeals was the jurisdictional time limitation for payment of compensation as imposed upon the commission by R.C. 4123.52. In like manner, we first consider this statute and the commission's continuing jurisdiction thereunder, and whether the appellant possessed a right of appeal pursuant to R.C. 4123.519 [1] from the commission's decision to retain jurisdiction over the claim. The availability of such an appeal would necessarily preclude the issuance of a writ of mandamus. *State, ex rel. Consolidation Coal Co., v. Indus. Comm.* (1985), 18 Ohio St.3d 281, 18 OBR 333, 480 N.E.2d 807.

R.C. 4123.52, in pertinent part, provides:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death * * *."

---

1. R.C. 4123.519 provides in pertinent part:

"(A) The claimant or the employer may appeal a decision of the industrial commission or of its staff hearing officer made pursuant to division (B)(6) of section 4121.35 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state * * *."

The appellant contends that the record before the commission shows that the date of the last payment of compensation to this claimant was July 17, 1977 and, therefore, the commission's jurisdiction over the claim ended ten years after that payment date, prior to the filing of claimant's March 9, 1988 motion for temporary total disability compensation. Appellant asserts that the claimant did not receive compensation or wages in lieu thereof pursuant to R.C. 4123.56, 4123.57 or 4123.58 within the ten years immediately preceding the filing of his motion for temporary disability benefits, that the only evidence which claimant offered on the jurisdictional issue was evidence that he had received medical benefits for his claim, and that receipt of medical benefits, unlike receipt of compensation or wages in lieu thereof, does not toll the statute of limitations. The latter issue of whether medical benefits constitute compensation within the purview of R.C. 4123.56, 4123.57 and 4123.58 has recently been addressed by this court in the case of *Collinsworth v. Western Elec. Co.* (1992), 63 Ohio St.3d 268, 586 N.E.2d 1071, wherein we held that medical benefits do constitute compensation to effect the tolling of the statute of limitations as applied to these sections of law. Thus, the commission in this case will have to determine whether during the ten-year period, under these facts, there had been medical or hospital benefits paid to this claimant.

The question of whether the commission had or did not have continuing jurisdiction over this claim would be in the first instance for the commission to specifically determine. Such a determination of whether the statute of limitations governing R.C. 4123.56, 4123.57 and 4123.58 had run would be one concerning the claimant's right to participate in the State Insurance Fund rather than one as to the extent of disability and, as such, would be appealable to the court of common pleas pursuant to R.C. 4123.519. This court specifically so held in *Valentino v. Keller* (1967), 9 Ohio St.2d 173, 38 O.O.2d 412, 224 N.E.2d 748, syllabus, and *State, ex rel. Consolidation Coal Co., supra.* We recently clarified the distinctions between "extent of disability" and "right to participate" in *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus, where we stated, " * * * [t]he only decisions reviewable pursuant to R.C. 4123.519 are those decisions involving a claimant's right to participate or to continue to participate in the fund. * * * " A decision by the commission upon the question of its continuing jurisdiction, being appealable, may not be presented to an appellate court by way of an original action such as mandamus. *State, ex rel. Consolidation Coal Co., supra,* at 284, 18 OBR at 335, 480 N.E.2d at 810.

However, for there to be an appeal of the jurisdiction issue there must be a decision of the commission on that subject. The commission speaks only through its record. *State, ex rel. Cundiff, v. Indus. Comm.* (1934), 128 Ohio

St. 636, 1 O.O. 281, 193 N.E. 345, paragraph one of the syllabus. Reviewing the record of this matter, we find that the commission did not specifically address the issue of its jurisdiction in its order. The district hearing officer's order, dated July 11, 1988, merely stated that "Temporary Total Compensation is ordered paid from December 21, 1987 through April 3, 1988, inclusive." This is the only "decision" rendered by the commission and is clearly one on the "extent of disability" that, pursuant to R.C. 4123.519, is not appealable.

The court of appeals correctly characterized appellant's jurisdictional challenge as one involving claimant's right to continued participation in the Workers' Compensation Fund. Also, the referee, and the court of appeals in adopting his report, recognized that the commission had not specifically addressed the jurisdictional issue. However, the court concluded that the commission by its order had in essence determined its continuing jurisdiction by awarding benefits. As we have stated previously, the commission speaks only through its entries. Accordingly, we find the jurisdictional issue was not addressed by the commission.

The question of whether the claimant received compensation, or wages in lieu thereof, during the ten-year period presents a factual dispute that falls within the commission's exclusive jurisdiction. *State, ex rel. Haines, v. Indus. Comm.* (1972), 29 Ohio St.2d 15, 58 O.O.2d 70, 278 N.E.2d 24. Resolution of this issue on its merits thus necessitates an order directing the commission to determine whether the claimant received compensation or wages in lieu thereof during the relevant ten-year period. If the appellant ultimately prevails [2] on this jurisdictional issue, R.C. 4123.52 would bar the award of benefits or compensation to the claimant at any time ten years after July 17, 1987.

Further, within the stance of this case, the commission must also decide the nature and cause of the claimant's resignation. If the commission, in its review of the record, particularly the medical reports and other medical data and the claimant's physical condition at the time of his resignation, finds that the cause of the resignation was his injury and resulting physical condition,

---

2. The referee in the court of appeals noted in his report below that appellant had appealed to the Stark County Court of Common Pleas pursuant to R.C. 4123.519 on the issue of the commission's continuing jurisdiction over the claim under R.C. 4123.52. Further, the referee noted:

" * * * If the commission were to again award temporary total disability compensation upon finding that claimant's resignation does not preclude temporary total disability compensation, such award would of course be subject to a subsequent judgment rendered by the court of common pleas pursuant to its authority under R.C. 4123.519, that the commission was without continuing jurisdiction over the claim."

such a determination, in essence, is a finding as to the extent of the claimant's disability.

In like manner, if after a review of the claimant's medical history and data involved with the industrial injury and other pertinent facts, there is a finding that the resignation was not occasioned by the injury sustained, the finding would also be one involving the claimant's extent of disability.

As previously stated, the issue of whether claimant's retirement precluded an award of temporary total disability compensation was first raised by appellant during the appeal from the December 2, 1988 order of the Canton Regional Board of Review by way of the letter dated January 5, 1988, to which was attached a document allegedly constituting claimant's voluntary resignation. Insofar as the record before this court would indicate, the commission failed to address the issue of the abandonment of employment in its May 5, 1989 order. Such failure was held by the court of appeals to be an abuse of discretion in that the claimant's right to any further benefits from this self-insuring employer would depend upon the specific determination by the commission as to whether the claimant's resignation was voluntary and whether it was causally related to his disability.

Appellant contends that the only evidence in the record of claimant's retirement is the above referred-to document and, therefore, there is no evidence in the record that claimant's resignation was other than voluntary or that it was related to the industrial injury. From this premise, the appellant concludes that a writ of mandamus must be issued ordering the commission to vacate its award of temporary total disability compensation and to enter an order denying such compensation. The court of appeals did not agree with appellant's position, but did issue a limited writ ordering the commission to vacate its prior order and to conduct further proceedings to determine whether claimant's resignation from his employment with appellant would preclude an award of temporary total compensation, and to enter an order granting or denying such compensation, stating the reasons for such decision and the evidence relied upon in compliance with *State, ex rel. Mitchell, v. Robbins & Myers, Inc., supra.* We are in agreement with this determination by the court of appeals.

Voluntary retirement may be a basis for denying continued payment of temporary total disability compensation, *i.e.*, where it is found that the claimant has voluntarily removed himself from the work force. In *State, ex rel. Jones & Laughlin Steel Corp., v. Indus. Comm.* (1985), 29 Ohio App.3d 145, 147, 29 OBR 162, 164, 504 N.E.2d 451, 454, the Court of Appeals for Franklin County stated:

"Accordingly, one who has voluntarily retired and has no intention of ever returning to his former position of employment is not prevented from returning to that former position by an industrial injury which renders him unable to perform the duties of such former position of employment. A worker is prevented by an industrial injury from returning to his former position of employment where, but for the industrial injury, he would return to such former position of employment. However, where the employee has taken action that would preclude his returning to his former position of employment, even if he were able to do so, he is not entitled to continued temporary total disability benefits since it is his own action, rather than the industrial injury, which prevents his returning to such former position of employment. * * * "

In *State, ex rel. Ashcraft, v. Indus. Comm.* (1987), 34 Ohio St.3d 42, 44, 517 N.E.2d 533, 535, this court commented upon the *Jones & Laughlin* decision as follows:

" * * * The crux of this decision was the court's recognition of the two-part test to determine whether an injury qualified for temporary total disability compensation. The first part of this test focuses upon the disabling aspects of the injury, whereas the latter part determines if there are any factors, other than the injury, which would prevent the claimant from returning to his former position. The secondary consideration is a reflection of the underlying purpose of temporary total compensation: to compensate an injured employee for the loss of earnings which he incurs while the injury heals. · * * * "

In *State, ex rel. Rockwell Internatl., v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 46, 531 N.E.2d 678, 680, this court stated:

"Neither *Ashcraft* nor *Jones & Laughlin* states that *any* abandonment of employment precludes payment of temporary total disability compensation; they provide that only voluntary abandonment precludes it. While a distinction between voluntary and involuntary abandonment was contemplated, the terms until today have remained undefined. We find that a proper analysis must look beyond the mere volitional nature of a claimant's departure. The analysis must also consider the reason underlying the claimant's decision to retire. We hold that where a claimant's retirement is causally related to his injury, the retirement is not 'voluntary' so as to preclude eligibility for temporary total disability compensation." (Emphasis *sic.*)

Accordingly, the commission must consider all of the relevant circumstances behind the resignation in reaching its decision on the question of the claimant's entitlement to temporary total disability compensation.

Based upon all of the foregoing, the order of the court of appeals is affirmed in part, and the commission is directed to consider and decide the

issue of its continuing jurisdiction to entertain the claimant's claim for temporary total disability benefits due to the passage of time and the effect of R.C. 4123.52. Furthermore, notwithstanding the jurisdictional issue, the commission shall specifically consider and decide the issue of the claimant's resignation from his employment with the appellant, and whether such resignation would preclude this claimant from receiving further disability compensation. Finally, the commission is ordered to enter a new order granting or denying such compensation and stating the basis for the decision and the evidence relied upon in compliance with *Mitchell, supra.*

*Judgment accordingly.*

MOYER, C.J., WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., concur in part and dissent in part.

DOUGLAS, J., concurring in part and dissenting in part. I concur in part and respectfully dissent in part as to the majority opinion. I do so for the following reasons.

Herein, the court of appeals issued a writ of mandamus ordering the Industrial Commission to vacate its May 1989 order and to conduct further proceedings on the question of whether claimant's resignation was voluntary. The court of appeals also ordered the commission to issue a new determination either granting or denying claimant's request for temporary total disability compensation. The majority opinion appears to agree with the judgment of the court of appeals on these issues and I concur in that approval and would affirm the judgment of the court of appeals thereon.

I do not agree, however, with the judgment of the court of appeals and the discussion in today's majority opinion that a decision, arising under R.C. 4123.52, concerning jurisdiction of the commission is an order which is appealable pursuant to R.C. 4123.519. I agree with the relator that the court of appeals should have considered the issue and that the proper way to challenge a decision of the commission that it does (or does not) have continuing jurisdiction over a claim is through a mandamus action—not an R.C. 4123.519 appeal.

In the case at bar, the commission awarded benefits (temporary total) to respondent Smith. In effect then, the commission did determine that it had jurisdiction because otherwise it would not have entered such an order. Be that as it may, the issue that is more troubling in today's majority opinion is whether a decision of the commission rendered pursuant to R.C. 4123.52 is appealable under R.C. 4123.519. Even more troubling is that, on this issue, the majority opinion seems to be internally contradictory.

The majority says "[a] decision by the commission upon the question of its continuing jurisdiction, being appealable, may not be presented to an appellate court by way of an original action such as mandamus." In the next paragraph of the majority opinion, the majority then says (after discussing the fact that the commission's order *did* order compensation paid) " * * * [t]his is the only 'decision' rendered by the commission and is clearly one on the 'extent of disability' that, pursuant to R.C. 4123.519, is *not* appealable." (Emphasis added.) These statements appear to be irreconcilable.

In any event, the majority does hold (and the court of appeals discussed) that an R.C. 4123.52 decision of the commission is appealable under R.C. 4123.519. Given previous cases of this court, *Valentino v. Keller* (1967), 9 Ohio St.2d 173, 38 O.O.2d 412, 224 N.E.2d 748, and *State, ex rel. Consolidation Coal Co., v. Indus. Comm.* (1985), 18 Ohio St.3d 281, 18 OBR 333, 480 N.E.2d 807, it is easy to understand the comments of the court of appeals and the referee on this question. Further, I recognize that I was part of the majority in *Consolidation Coal*, but I now find, after having had more experience and now better understanding R.C. Chapter 4123, that I was wrong in joining the *per curiam* opinion that makes an order involving an R.C. 4123.52 question appealable under R.C. 4123.519.

I recognize that a decision of the commission that it does, or does not, have continuing jurisdiction of a claim (a decision made in accordance with R.C. 4123.52) looks like, smells like and maybe even limps like a decision on a claimant's "right to participate" in the fund. But is it such a decision? I think not.

When the commission makes such a determination, *all* the commission is deciding is whether a statute of limitations has run on a claimant's claim and whether it (the commission) has any *jurisdiction* to proceed to the next step— the claimant's right to continue to participate in the fund. At that point, the commission has *not* decided what further benefits, if any, the claimant is entitled to be awarded. If such a decision is appealable in an R.C. 4123.519 appeal, what then is the issue in the court of common pleas and who has the burden of going forward? Obviously, the first (and I submit the *only*) question that would be before the court would be whether the commission was correct in saying it did, or did not, have continuing jurisdiction.

Whether the commission does or does not have continuing jurisdiction is not a "right to participate question." The commission has only decided the question of whether it has the right to proceed to determine the other questions that arise in claimant's new or extended claim, such as: did the condition(s) for which claimant seeks additional benefits arise out of claimant's industrial injury; did these conditions arise out of claimant's employment with

his or her employer; was there a period of temporary total disability; is the claim for permanent partial disability compensation proper and, if so, for what degree of disability and in what monetary amount, and so forth. Obviously, none of the information on those issues would be before the court if an appeal is immediately taken after the commission determines under R.C. 4123.52 that it does or does not have jurisdiction. By necessity, the court would have to remand the case to the commission for further determination on those questions—a waste of both administrative and judicial resources.

In addition, if an R.C. 4123.52 decision is appealable under R.C. 4123.519, who has the burden of going forward? R.C. 4123.519(C) requires the *claimant* to " * * * file a petition containing a statement of facts * * * showing *a cause of action* to participate or to continue to participate in the fund * * *." (Emphasis added.) What facts can a claimant set forth involving the right to participate when the issue to be decided by the court is if the commission had jurisdiction or if the limitations period had expired? The question would seem to answer itself. The R.C. 4123.52 determination just is not the proper subject for an R.C. 4123.519 appeal.

Further, R.C. 4123.519(C) provides, in pertinent part, for the right of a claimant to a trial by jury. Can it be seriously contended that the question of commission jurisdiction, per R.C. 4123.52, is one of fact rather than law? Again, to ask the question is to answer the question.

I believe we have decided this issue in our recent announcement of *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. Although that case involved an R.C. 4123.522 issue, the legal theory is the same. It is unfortunate that today the majority, so soon after *Afrates*, permits yet another encroachment on the R.C. 4123.519 appeal procedure.

As a final thought, I cite to our recent decision in *State, ex rel. Columbus Southern Power Co., v. Sheward* (1992), 63 Ohio St.3d 78, 585 N.E.2d 380. Therein the issue was whether the common pleas court had jurisdiction to hear a challenge as to the constitutionality of a statute (R.C. 4909.42) when the underlying case involved the rates proposed to be charged by a public utility. Ratemaking authority is exclusively within the province of the Public Utilities Commission of Ohio subject only to appeal and review by this court. The case looked like a rate case and, thus, the argument was made, that a common pleas court had no jurisdiction in the matter.

But it was not a rate case, held a majority of this court. We found that while the question, at least peripherally, was one involving rates, the real question before the common pleas court was the constitutionality of a statute—a proper matter to be considered by a court of common pleas. While

eventually the matter will become a rate case, the case in the common pleas court at that time was not one directly involving ratemaking.

We have the same situation in the case at bar. The issue of whether the commission has jurisdiction to proceed must first be decided before claimant's right to continue to participate can be determined, even administratively. Because the majority opinion indicates otherwise, by holding that a decision of the commission pursuant to R.C. 4123.52 may be appealed under R.C. 4123.-519, I must respectfully dissent from that portion of the opinion.

SWEENEY, J., concurs in the foregoing opinion.

ALICE ROBIE RESNICK, J., concurring in part and dissenting in part. Much confusion exists regarding whether a decision made pursuant to R.C. 4123.52 is appealable pursuant to R.C. 4123.519. I write separately simply to crystallize the fact that a decision under R.C. 4123.52 does not involve the right to participate and therefore cannot be appealed under R.C. 4123.519. However, the problem arises in those cases where the Industrial Commission makes a determination pursuant to R.C. 4123.52 as to the statute of limitations question, and then immediately proceeds to find the claimant eligible to receive benefits. This type of decision warrants an appeal under R.C. 4123.-519 since it involves a right to participate. However, in those instances where a claim is determined to be time barred pursuant to R.C. 4123.52, an appeal under R.C. 4123.519 would not be proper. The proper remedy would be mandamus.

I concur in the majority's affirmance of the court of appeals' decision in the grant of the writ as to the question of the resignation.