**HUDSON, Appellee,**

v.

**TOMKINS INDUSTRIES et al., Appellants.**

[Cite as *Hudson v. Tomkins Industries* (1997), 118 Ohio App.3d 131.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. CA–16025 and CA–16029.

Decided Feb. 7, 1997.

*Scot A. Stone*, for appellee, Emanuel Hudson.

*Betty D. Montgomery*, Attorney General, and *Debra J. Randman*, Assistant Attorney General, Workers' Compensation Section, for appellants, Industrial Commission of Ohio and Administrator, Ohio Bureau of Workers' Compensation.

*Corey V. Crognale*, for appellant, Tomkins Industries.

BROGAN, Judge.

This action involves consolidated appeals by Tomkins Industries, the Industrial Commission of Ohio, and the Administrator of the Ohio Bureau of Workers' Compensation. This court consolidated the appeals *sua sponte* on October 1, 1996.

The appellants each challenge the Montgomery County Common Pleas Court's June 17, 1996 decision and order granting appellee Emanuel Hudson's motion for summary judgment and overruling the appellees' motions to dismiss.

Appellant Tomkins Industries ("Tomkins") advances three assignments of error in case No. CA–16025. First, Tomkins contends that the trial court lacked subject-matter jurisdiction to decide Hudson's appeal from an Industrial Commission order. Consequently, Tomkins argues that the trial court should have granted its motion to dismiss. Next, Tomkins claims that the trial court lacked

jurisdiction to vacate an Industrial Commission order denying Hudson additional partial disability compensation. Finally, Tomkins asserts that the trial court erred by granting Hudson's motion for summary judgment.

The Administrator of the Ohio Bureau of Workers' Compensation and the Industrial Commission of Ohio advance two assignments of error in case No. CA–16029. The administrator and the Industrial Commission first contend that the trial court erred by overruling their motion to dismiss. Next, they claim that the trial court erred by granting Hudson's motion for summary judgment.

The two consolidated appeals stem from a work-related injury Hudson sustained on November 5, 1993. Following his injury, Hudson filed an application for compensation and medical benefits with the Ohio Bureau of Workers' Compensation. The bureau allowed Hudson's claim for "amputation of left index, middle and ring fingers." Thereafter, on June 30, 1994, Hudson filed a motion with the bureau seeking additional compensation pursuant to R.C. 4123.57(B) for the loss of use of his left hand. In relevant part, R.C. 4123.57(B), which discusses the computation of benefits for partial disabilities, provides:

"If the claimant has suffered the loss of two or more fingers by amputation or ankylosis and the nature of his employment in the course of which the claimant was working at the time of the injury or occupational disease is such that the handicap or disability resulting from the loss of fingers, or loss of use of fingers, exceeds the normal handicap or disability resulting from the loss of fingers, or loss of use of fingers, the administrator may take that fact into consideration and increase the award of compensation accordingly, but the award made shall not exceed the amount of compensation for loss of a hand."

The Ohio Bureau of Workers' Compensation denied Hudson's R.C. 4123.57(B) request for additional compensation in an August 29, 1994 order. Hudson subsequently appealed that ruling to the Industrial Commission. On October 21, 1994, a district hearing officer granted Hudson's motion for "an award for the loss of use of the left hand." In his order granting additional compensation, the hearing officer explained:

"It is the finding of the Hearing Officer that this claim has been previously allowed for AMPUTATION OF LEFT INDEX, MIDDLE AND [RING] FINGERS.

"The claimant's motion filed 6–30–94 requesting an award for the loss of use of the left hand is granted.

"The District Hearing officer finds that the claimant has had his left index, middle and ring fingers amputated.

"Further, the District Hearing Officer finds that this loss has resulted in a handicap greater than that which would normally be expected because the

claimant has been precluded from returning to his former position of employment. Therefore, the claimant is granted an award for the loss of use of the left hand pursuant to O.R.C. 4123.57(B). * * * The claimant's prior award for the amputation of his left index, middle and ring fingers is to be subtracted from this award."

Tomkins appealed the foregoing ruling to an Industrial Commission staff hearing officer on November 1, 1994. The staff hearing officer subsequently denied Tomkins's appeal on November 28, 1994, stating, "It is the finding and order of the Staff Hearing Officer that the employer's appeal be denied, and the finding and order of the District Hearing Officer be affirmed for the reason that it is supported by proof of record and is not contrary to law." Tomkins then filed another timely appeal to the Industrial Commission on December 8, 1994, challenging the staff hearing officer's ruling. The commission issued an order refusing to hear Tomkins's appeal on December 16, 1994. Thereafter, Tomkins filed a request for reconsideration, asking the Industrial Commission to reconsider the December 16, 1994 ruling. The Industrial Commission granted Tomkins's request for reconsideration on May 9, 1995, and vacated the order denying Tomkins's appeal. In its order accepting the matter on appeal, the Industrial Commission explained:

"After publication of this order, the file is referred to Legal Services to docket before the Members of the Industrial Commission. The issue to be heard is the Employer's Appeal filed December 8, 1994, from the order of the Staff Hearing Officer dated November 28, 1994.

"The decision is based on the possibility of an error in the previous Industrial Commission order."

The Industrial Commission then held a June 20, 1995 hearing on Tomkins's appeal. In its findings of fact and order, the commission stated, in relevant part:

"It is the finding of the Industrial Commission that this claim has been previously allowed for: 'amputation of left index, middle and ring fingers.'
" * * *

"6–27–95—After further review and discussion, it is the order of the Industrial Commission that the employer's appeal filed on 12–8–94 be granted and that the Staff Hearing Officer order of 11–28–94 be vacated.

"It is the decision of the Industrial Commission that the claimant is not entitled to an additional award under R.C. 4123.57(B) for loss of use of the left hand. Although the claimant has suffered the loss of two or more fingers by amputation, the claimant is not entitled to compensation that 'shall not exceed the amount of compensation for loss of a hand' under R.C. 4123.57(B), because he has failed to demonstrate that the handicap or disability resulting from the loss of the fingers

exceeds the normal handicap or disability resulting from the loss of such fingers due to the nature of claimant's employment in the course of which he was working at the time of the injury. * * * Based upon a review of claimant's job duties on the date of injury, the videotape evidence, and the report of Dr. Cunningham, the Commission finds that claimant is able to return to his former position of employment as a punch press operator. The Commission also finds that the employer offered the claimant his former position of employment with some modifications to ease his return to work. As such, claimant's handicap or disability does not exceed the normal handicap or disability due to the nature of his employment as a punch press operator and the claimant, therefore, is not entitled to an award for loss of use of his left hand pursuant to R.C. 4123.57(B)."

Appellee Hudson subsequently filed a complaint appealing the foregoing ruling to the Montgomery County Common Pleas Court pursuant to R.C. 4123.512. In response, the appellants filed motions to dismiss Hudson's complaint for lack of subject-matter jurisdiction. Hudson opposed the appellants' motions to dismiss and moved for summary judgment. In support of his summary judgment motion, Hudson argued that the Industrial Commission lacked continuing jurisdiction under R.C. 4123.52 to reconsider its prior order and ultimately vacate his award of additional compensation.

In its ruling on the parties' motions, the trial court identified the critical issues as (1) whether the trial court possessed subject-matter jurisdiction to hear Hudson's appeal from the Industrial Commission's ruling and, if so, (2) whether the Industrial Commission possessed continuing jurisdiction to reconsider its prior order and vacate Hudson's award of additional compensation.

Addressing the first issue—its own jurisdiction to hear Hudson's appeal—the trial court correctly recognized that Industrial Commission orders concerning the extent of a claimant's disability are not appealable to a common pleas court pursuant to R.C. 4123.512 (formerly numbered 4123.519). *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. Furthermore, the trial court correctly recognized that the only decisions a common pleas court may review pursuant to R.C. 4123.519 are Industrial Commission decisions involving a claimant's right to participate or to continue to participate in the Workers' Compensation Fund. *Id.* at 26, 584 N.E.2d at 1178–1179.

In the present case, however, the trial court rejected the appellants' characterization of Hudson's appeal as raising an "extent of disability" issue. The trial court explained that Hudson was not challenging the Industrial Commission's determination regarding the extent of his disability. Instead, the trial court concluded, Hudson's appeal challenged the Industrial Commission's continuing jurisdiction, pursuant to R.C. 4123.52, "to hear and to re-hear the appeal of the staff hearing officer's decision." Additionally, the trial court reasoned that

Hudson's appeal "fundamentally revolves around the claimant's right to continue to participate in the State Insurance Fund." Finally, relying upon *State ex rel. Superior's Brand Meats, Inc. v. Indus. Comm.* (1992), 63 Ohio St.3d 277, 586 N.E.2d 1077, the trial court accepted Hudson's argument that challenges to the Industrial Commission's continuing jurisdiction must be raised by appeal to the common pleas court rather than through mandamus. Consequently, the trial court concluded that R.C. 4123.512 granted it jurisdiction to hear Hudson's appeal, and the court denied the appellants' motions to dismiss for lack of subject-matter jurisdiction.

The trial court then addressed Hudson's motion for summary judgment. First, the court noted that the Industrial Commission's continuing jurisdiction pursuant to R.C. 4123.52 to reconsider a prior order is limited to cases involving changed circumstances, fraud, or clerical error. The trial court found none of these factors present in Hudson's case. The trial court also concluded that the Industrial Commission failed to follow its own administrative standards. Specifically, the trial court ruled that the commission violated Resolutions 94–1–6 and 92–1–3. The former provision provides that the "Industrial Commission will permit appeals to be heard from orders of Staff Hearing Officers" in cases involving fraud, newly discovered evidence, unusual questions, or when the commission desires to set policy. Similarly, Resolution 92–1–3 provides that the Industrial Commission shall review requests for reconsideration by using the following criteria: (1) newly discovered evidence, (2) mistake of fact or law, or (3) unusual legal, medical, or factual problems.

The trial court then found the Industrial Commission's reason for granting reconsideration ("the possibility of an error in the previous Industrial Commission's order") outside the criteria established by the Revised Code and the commission's own regulations. Finally, the trial court ruled that the Industrial Commission also failed to utilize the administrative appeal process pursuant to R.C. 4123.511. For these reasons, the court granted Hudson's motion for summary judgment and reinstated the district hearing officer's order for additional compensation. The appellants subsequently filed timely appeals from the trial court's June 17, 1996 decision and order.

In its first two assignments of error, Tomkins contends that the trial court lacked jurisdiction to review the Industrial Commission's order. Likewise, in their first assignment of error, the Administrator of the Ohio Bureau of Workers' Compensation and the Industrial Commission also contend that the trial court lacked jurisdiction to hear Hudson's appeal. The appellants each contend that mandamus, rather than an appeal to the common pleas court pursuant to R.C. 4123.512, was the proper method to challenge the Industrial Commission's ruling. Consequently, the appellants claim that the trial court erred by overruling their

motions to dismiss Hudson's appeal. Given the substantial similarity of these assignments of error, we will combine them for our appellate review.

In essence, the appellants each contend that the Industrial Commission's ruling related to the extent of Hudson's disability. They properly note, as did the trial court, that such decisions are not appealable to a common pleas court. *Afrates, supra; Felty v. AT & T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141; *State ex rel. Kroger Co. v. Stover* (1987), 31 Ohio St.3d 229, 31 OBR 436, 510 N.E.2d 356.

As the Ohio Supreme Court explained in *Felty*, "The only decisions of the commission that may be appealed to the courts of common pleas under R.C. 4123.519 [now 4123.512] are those that are final and that resolve an employee's right to participate or to continue to participate in the State Insurance Fund." *Felty, supra*, at 238, 602 N.E.2d at 1145. Furthermore, the court noted that "[a] decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's 'claim.' The *only* action by the commission that is appealable under R.C. 4123.519 is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." (Emphasis added.) *Id.* at 239, 602 N.E.2d at 1145.

Notwithstanding this clear rule, the trial court accepted Hudson's argument that his appeal did not challenge the Industrial Commission's substantive decision concerning the *extent* of his disability. Rather, the trial court concluded that Hudson's appeal challenged the Industrial Commission's *continuing jurisdiction* to render its decision. The trial court then ruled that challenges to the commission's continuing jurisdiction must be appealed to the court of common pleas rather than through mandamus. In support of its decision, the trial court relied upon *State ex rel. Superior's Brand Meats, Inc. v. Indus. Comm.* (1992), 63 Ohio St.3d 277, 586 N.E.2d 1077.

In *Superior's Brand Meats*, the claimant had suffered a work-related injury and received compensation and medical benefits under Ohio workers' compensation laws. More than ten years after he received the last compensation on his claim, the worker sought temporary total disability compensation. The Industrial Commission ultimately affirmed a staff hearing officer's decision granting the temporary total disability benefits. Appellant Superior's Brand Meats subsequently brought an original action in mandamus in the court of appeals, contending, *inter alia*, that the Industrial Commission had lost continuing jurisdiction over the claim because of the applicable statute of limitations.

The Franklin County Court of Appeals, however, found the issue of the Industrial Commission's continuing jurisdiction not properly before the court

because such a question must be resolved through an appeal to the court of common pleas rather than through mandamus. The Ohio Supreme Court agreed, stating: "Such a determination of whether the statute of limitations governing R.C. 4123.56, 4123.57 and 4123.58 had run would be one concerning the claimant's right to participate in the State Insurance Fund rather than one as to the extent of disability and, as such, would be appealable to the court of common pleas pursuant to R.C. 4123.519. * * * A decision by the commission upon the question of its continuing jurisdiction, being appealable, may not be presented to an appellate court by way of an original action such as mandamus." *Id.* at 280, 586 N.E.2d at 1080, citing *State ex rel. Consolidation Coal Co. v. Indus. Comm.* (1985), 18 Ohio St.3d 281, 284, 18 OBR 333, 335–336, 480 N.E.2d 807, 809–810.

In light of the foregoing language, the trial court concluded that Hudson properly challenged the Industrial Commission's continuing jurisdiction by appealing to the common pleas court. Consequently, the court ruled that it possessed jurisdiction to hear Hudson's appeal. After reviewing the record and relevant case law, however, we disagree. In our view, Hudson was required to challenge the Industrial Commission's continuing jurisdiction by initiating a mandamus action in the Franklin County Court of Appeals.

In reaching this conclusion, we first note that *Superior's Brand Meats, supra, Consolidation Coal, supra,* and *Valentino v. Keller* (1967), 9 Ohio St.2d 173, 38 O.O.2d 412, 224 N.E.2d 748, upon which Hudson relies, all involved continuing jurisdiction rulings based upon the applicable statute of limitations. For example, the Ohio Supreme Court explained in *Valentino* that whether the claimant was entitled to have his claim reinstated in light of the applicable statute of limitations was a question concerning the claimant's "right to continue to participate in the fund." *Valentino, supra,* at 175, 38 O.O.2d at 414, 224 N.E.2d at 750. The court further noted:

"The Industrial Commission has the power, upon a motion for reinstatement of the claim, to determine whether ten years has elapsed since the last compensation or benefits were received by the claimant. Its determination of that question adversely to the applicant is jurisdictional and, thus, entitles him to appeal to the Common Pleas Court." *Id.* at 175–176, 38 O.O.2d at 414, 224 N.E.2d at 751.

The Ohio Supreme Court approvingly quoted this language in its *Consolidation Coal* ruling. See *Consolidation Coal, id.* at 284, 18 OBR at 335–336, 480 N.E.2d at 809–810.

This court does not dispute that an Industrial Commission ruling concerning the reinstatement of a dormant claim implicates a claimant's "right to continue to participate" in the State Insurance Fund. However, the present case does not involve a continuing jurisdiction question regarding the Industrial Commission's ability to reinstate a prior claim. Rather, as Hudson acknowledges, the present

case involves the Industrial Commission's continuing jurisdiction to modify its prior order.

In Hudson's view, this distinction is irrelevant. In his brief to this court, Hudson asserts that "all decisions [a]ffecting jurisdiction of the Industrial Commission and whether or not it properly continued to exercise its jurisdiction are appealable to the Common Pleas Court pursuant to R.C. 4123.512 * * *."

We disagree. In *State ex rel. Cleveland, Columbus, Cincinnati Hwy. Co. v. Indus. Comm.* (1980), 70 Ohio App.2d 41, 42, 24 O.O.3d 37, 38, 434 N.E.2d 279, 281, the Franklin County Court of Appeals explained:

" 'The Industrial Commission has discretion to determine whether there is evidence of fraud, new or changed circumstances occurring subsequent to * * * [an] order, or a mistake prejudicing one of the parties prior to [the] exercise of * * * [its] continuing jurisdiction pursuant to R.C. 4123.52 to change * * * [an] order which has * * * become final. * * *' *State ex rel. Bd. of Edn. v. Johnston* (Franklin Co. Ct. of Appeals No. 77AP–910, June 22, 1978), unreported, affirmed (1979), 58 Ohio St.2d 132 [388 N.E.2d 1383, 12 O.O.3d 128]. The exercise of this discretion is a proper subject matter for the issuance of a writ of mandamus."

The Ohio Supreme Court subsequently relied upon *Cleveland, Columbus, Cincinnati Hwy. Co.* in *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 556 N.E.2d 168. There the court considered whether mandamus was the appropriate vehicle to challenge the Industrial Commission's continuing jurisdiction to modify or change a former order in cases involving mistake. *Id.* at 86, 556 N.E.2d at 169–170. A unanimous court found mandamus proper, stating:

"Appellants also challenge appellee's resort to mandamus, contending that the commission's February 2, 1997 order could have been appealed under R.C. 4123.519. Appellants, however, misdefine the issue before us. The relevant question here is not one of appellee's right to participate in the State Insurance Fund for a 'back' injury but is instead whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed. We find this latter question to be the proper subject matter for a writ of mandamus. *State, ex rel. Highway Co. v. Indus. Comm.* (1980), 70 Ohio App.2d 41, 24 O.O.3d 37, 434 N.E.2d 279." *Id.* at 86, 556 N.E.2d at 170.

Similarly, in the present case, the relevant question is not Hudson's right to participate in the Workers' Compensation Fund for a hand injury. The Industrial Commission long ago allowed Hudson's claim for the amputation of his fingers, and no Industrial Commission order ever terminated his right to that compensation. Unlike Industrial Commission rulings about statutes of limitations precluding the reinstatement of claims, the Industrial Commission's ruling in this case

simply did not implicate Hudson's ability to participate or to continue to participate in the compensation fund. Regardless of the commission's decision, Hudson still received compensation for the amputation of his fingers.

Thus, as in *Saunders, supra,* the relevant inquiry does not concern infringement upon Hudson's right to participate in the Workers' Compensation Fund. Instead, the relevant inquiry is whether changed circumstances, fraud, newly discovered evidence, or some other valid criteria enabled the Industrial Commission to exercise continuing jurisdiction, reconsider its prior order, and modify Hudson's compensation award. In light of *Saunders* and *Cleveland, Columbus, Cincinnati Hwy. Co., supra,* we believe that this question properly is answered through an original action in mandamus. See, also, *State ex rel. Morrow v. Indus. Comm.* (Jan. 26, 1993), Franklin App. No. 91AP–1508, unreported, 1993 WL 264730, affirmed (1994), 71 Ohio St.3d 236, 643 N.E.2d 118 (noting that "respondent also objects to the referee's finding that R.C. 4123.519 ·does not provide relator with an adequate remedy at law so as to preclude the issuance of a writ of mandamus. The issue here is not whether relator has a right to participate in the Workers' Compensation Fund based on additional conditions, but whether the commission's continuing jurisdiction was properly invoked. This question is properly raised in a mandamus action. *Saunders.*").

Having determined that the Industrial Commission's exercise of continuing jurisdiction did not affect Hudson's right to participate in the Workers' Compensation Fund and, therefore, that the trial court lacked jurisdiction to hear Hudson's appeal, we sustain the appellants' assignments of error. Furthermore, given his inability to pursue relief through an appeal to the common pleas court, Hudson should have initiated an original action in mandamus in the Franklin County Court of Appeals.

In light of our holding on this assignment of error, we need not consider the appellants' remaining assignments of error. The trial court lacked jurisdiction to consider Hudson's appeal. Consequently, the court should have sustained the appellants' motion to dismiss without reaching the merits of Hudson's motion for summary judgment. Accordingly, we reverse the trial court's June 17, 1996 decision and order denying the appellants' motions to dismiss, sustaining Hudson's motion for summary judgment, and reinstating the district hearing officer's order of additional compensation.

*Judgment reversed.*

WOLFF and FAIN, JJ., concur.