DECISION
{¶ 1} Relator, PMI Food Equipment Group, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio, to vacate its order that allowed an additional condition in the workers' compensation claim of respondent, Sharon L. Cantrell ("claimant"), and to issue a new order affirming the order of the staff hearing officer that denied the additional allowance. Claimant has set forth a motion to dismiss with her brief on the merits.
{¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C), and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant claimant's motion to dismiss and dismiss relator's request for a writ of mandamus. (Attached as Appendix A.) No objections have been filed to that decision.
{¶ 3} As there have been no objections filed to the magistrate's decision, and it contains no error of law or other defect on its face, based on an independent review of the file, this court adopts the magistrate's decision. Claimant's motion to dismiss is granted, relator's request for a writ of mandamus is denied, and this action is dismissed.
Motion to dismiss granted; action dismissed.
 DECISION
{¶ 4} In this original action in mandamus, relator, PMI Food Equipment Group, asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its order that allowed an additional condition in the workers' compensation claim of respondent Sharon L. Cantrell, and to issue a new order affirming the order of the staff hearing officer that denied the additional allowance.
 Findings of Fact:
{¶ 5} 1. In 1994, Sharon L. Cantrell ("claimant") sustained a work-related injury, and her workers' compensation claim was allowed for a number of back conditions.
{¶ 6} 2. Various periods of temporary total disability ("TTD") compensation were awarded, including a period after surgery in September 2000.
{¶ 7} 3. In December 2001, claimant filed a motion requesting that the claim "be additionally allowed for the condition of major depression 296.30 and/or any other psychological or emotional condition diagnosed by the Bureau of Workers' Compensation or the employer's examining psychologist or psychiatrist as being related to this claim." Claimant also sought payment of related medical bills and TTD compensation. A psychological report from Ty Payne, Ph.D., was filed in support.
{¶ 8} 4. In May 2002, a district hearing officer denied claimant's motion. Claimant appealed.
{¶ 9} 5. On July 8, 2002, claimant's appeal was heard by a staff hearing officer ("SHO"), who later issued the following decision denying claimant's motion:
{¶ 10} "It is the finding of the Hearing Officer that the claimant's motion filed 12/27/01 requesting that this claim be amended to include major depression, psychological condition, emotional condition is denied.
{¶ 11} "It is the finding and order of the Hearing Officer that the conditions of major depression, psychological condition, emotional condition are not causally related to and/or the result of the claimant's industrial injury of 10/31/94 per the report of Dr. Farrell.
{¶ 12} "Therefore, claimant's motion filed 12/27/01 is denied to this extent.
{¶ 13} "Further, the claimant's request for the payment of temporary total disability compensation is denied as it is premised upon disallowed conditions.
{¶ 14} "This order is based upon the medical report of Dr. Farrell dated 3/19/02."
{¶ 15} 6. On July 8, 2002 (the same day as the SHO hearing), Jerry E. Flexman, Ph.D., issued a psychological report in regard to his examination of claimant on July 2, 2002.
{¶ 16} 7. Claimant appealed the SHO's decision denying her motion. In her cover letter, claimant asked the commission to consider the additional evidence from Dr. Flexman.
{¶ 17} 8. Relator objected to consideration of this additional evidence.
{¶ 18} 9. The members of the commission set the matter for hearing on whether to grant claimant's appeal.
{¶ 19} 10. In November 2002, the members of the commission heard the appeal and voted unanimously to grant it. The following decision was mailed on December 20, 2002:
{¶ 20} "11/14/2002: After further review and discussion, it is the decision of the Industrial Commission that the injured worker's appeal, filed 07/25/2002, is granted and the Staff Hearing Officer order, dated 07/08/2002, is vacated.
{¶ 21} "On 12/27/2001, the injured worker filed a C-86 motion requesting that the claim be additionally allowed for the condition of major depression and/or any other psychological or emotional condition diagnosed by the Bureau of Workers' Compensation or the employer's examining psychologist or psychiatrist as being related to this claim, payment of temporary total disability compensation, and payment of related medical bills. A District Hearing Officer denied the motion in an order dated 05/25/2002. The District Hearing Officer found that the injured worker's psychological conditions are not causally related to and/or the result of the injured worker's industrial injury of 10/31/1994. The Staff Hearing Officer, in an order dated 07/08/2002, modified the order of the District Hearing Officer. The Staff Hearing Officer affirmed the denial of the additional conditions and denied the request for temporary total disability compensation, as the request was based upon the disallowed conditions.
{¶ 22} "It is the decision of the Industrial Commission that the C-86 motion, filed 12/27/2001, is granted to the following extent. It is the order of the Industrial Commission that the claim is additionally allowed for the condition of MAJOR DEPRESSION.
{¶ 23} "It is further the order of the Industrial Commission that related medical bills be paid within [the] Bureau of Workers' Compensation/Industrial Commission rules and regulations.
{¶ 24} "Temporary total disability compensation based upon the condition of MAJOR DEPRESSION is payable upon submission of supporting medical evidence. [Emphasis added.]
{¶ 25} "This decision is based upon the 11/01/2001 examination report and the 05/30/2002 addendum report of Dr. Ty Payne. Dr. Payne finds that the injured worker's clinical interview, the MMPI-2 results, and Beck Inventory results all support the presence of MAJOR DEPRESSION. He states that a review of the medical records from the injured worker's treating physician show that the onset of the depression occurred after the industrial injury. Dr. Payne concludes that the injured worker's depression is a consequence of the injury sustained, its consequent pain, and the limitations associated with that injury and pain. Given the evidence of the injured worker's ongoing complaints of pain following surgeries in 1997, 1999, and 2000, the Industrial Commission finds Dr. Payne's opinion persuasive.
{¶ 26} "Any Party May Appeal An Order Of The Commission, Other Than A Decision As To Extent Of Disability, To The Court Of Common Pleas Within 60 Days After Receipt Of The Order, Subject To The Limitations Contained In Ohio Revised Code 4123.512." (Emphasis sic.)
{¶ 27} 11. Relator filed the present action in mandamus challenging the commission's decision mailed in December 2002. The parties filed stipulated evidence and briefs. However, when claimant filed her brief, it was captioned "Brief of Respondent and Motion to Dismiss."
 Conclusions of Law:
{¶ 28} The order at issue allowed a psychological condition on administrative appeal. The commission did not award TTD compensation but simply said that TTD could be paid upon filing of the necessary documents. In the present original action in mandamus, the employer contends that the commission, in allowing the psychological condition on administrative appeal, failed to follow its own rules for determining appeals. For the reasons set forth more fully below, the magistrate concludes that the court must dismiss the present action because claimant has not stated a claim upon which relief in mandamus may be granted.
{¶ 29} A commission order that allows or disallows a medical condition in a workers' compensation claim is statutorily appealable to the common pleas court under R.C. 4123.512. See, e.g., McClosky v. Regal Mining, Inc. (1997), 78 Ohio St.3d 171; Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234; Afrates v. Lorain (1992), 63 Ohio St.3d 22. See, also, Carter v. Yellow Freight Sys., Franklin App. No. 02AP-145, 2002-Ohio-6448; State ex rel. Dick Enterprises, Inc. v. Indus. Comm. (Dec. 3, 1998), Franklin App. No. 97AP-1388.
{¶ 30} A decision that allows or disallows a condition is statutorily appealable regardless of whether the appeal is based on legal grounds or factual grounds. See Valentino v. Keller (1967),9 Ohio St.2d 173. See, also, State ex rel. Superior's Brand Meats, Inc. v. Indus. Comm. (1992), 63 Ohio St.3d 277 (stating that a commission decision on the question of its continuing jurisdiction, being appealable pursuant to statute, may not be presented in mandamus to a court); State ex rel. Consolidation Coal Co. v. Indus. Comm. (1985), 18 Ohio St.3d 281,284 (stating that when the commission's determination regarding the allowance of a condition is jurisdictional, it is appealable under the statute).
{¶ 31} In the present action, the commission order at issue served to finalize the allowance of a condition in a workers' compensation claim. The employer had a statutory right to challenge that decision in an appeal to the common pleas court under R.C. 4123.512. The common pleas court could have decided the legal issue (whether the allowance issue was properly before the commission on administrative appeal) in addition to holding a trial to determine factual issues such as whether the psychological condition was causally related to the industrial injury. Relator had an adequate remedy at law in the common pleas court, and the magistrate concludes that the present action in mandamus must be dismissed.
{¶ 32} The magistrate further notes that claimant purported to set forth a "motion to dismiss" within her May 12, 2003 brief on the merits. The magistrate further notes that the Clerk of Court has entered this "motion" in the record. Accordingly, any entry dismissing this action should also include an explicit ruling that grants the "motion to dismiss" filed on May 12, 2003.