GOODWIN, Appellant,

v.

ADMINISTRATOR, BUREAU OF WORKERS' COMPENSATION et al., Appellees.

[Cite as *Goodwin v. Bur. of Workers' Comp.* (1995), 104 Ohio App.3d 526.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68043.

Decided June 12, 1995.

*James H. French,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Mary Ann Rini,* Assistant Attorney General, for appellees Administrator, Ohio Bureau of Workers' Compensation and Industrial Commission of Ohio.

---

*Per Curiam.*

This appeal was filed and briefed as an accelerated appeal pursuant to Local App.R. 25.

Joseph Goodwin, plaintiff-appellant, appeals the dismissal of his administrative appeal and action for declaratory judgment. Goodwin assigns the following error for our review:

"The trial court erred in granting the defendant Administrator's motion to dismiss the amended complaint and the complaint for declaratory judgment. The Administrator's decision was not interlocutory in nature, and therefore, was an appropriate basis for declaratory judgment."

For the reasons set forth below, we reverse the judgment of the trial court, and remand the cause to the trial court.

Joseph Goodwin claimed he sustained an injury in the course of and arising out of his employment at Quality Custom Builders on June 24, 1991. The Bureau of Workers' Compensation denied his claim and found he did not sustain any injuries. No appeal was taken. On February 18, 1993, Goodwin filed a motion with the Industrial Commission of Ohio requesting relief from the decision of the Bureau of Workers' Compensation under R.C. 4123.522. He claimed he did not get notice of the hearing and the decision denying the claim. A hearing was held on his motion, and the motion was denied.

Goodwin subsequently filed an action in the Cuyahoga County Court of Common Pleas against Wes Trimble, Administrator of the Ohio Bureau of Workers' Compensation, the Industrial Commission of Ohio, and Quality Custom Builders, defendants-appellees. In his amended complaint, he appealed the decision of the Industrial Commission of Ohio and sought a declaratory judgment to establish his right to relief under R.C. 4123.522. The Administrator for the Bureau of Workers' Compensation and the Industrial Commission moved to dismiss the complaint. The motion was granted and this appeal followed.

The Supreme Court of Ohio has held that an Industrial Commission decision concerning the issue of notice under R.C. 4123.522 is not appealable under R.C. 4123.512 (formerly R.C. 4123.519). *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph two of the syllabus. In *Afrates,* the court also held that "an administrative decision that is final may be challenged by a writ of mandamus, where appropriate, or in an action for declaratory judgment." (Footnote omitted.) *Id.* at 27, 584 N.E.2d at 1179.

Because Goodwin appeals from a decision involving the issue of notice under R.C. 4123.522, direct appeal to the common pleas court was not a remedy available to him. Nonetheless, under the Supreme Court's holding in *Afrates,* Goodwin may maintain a declaratory judgment action. Notwithstanding the lack of a direct appeal from the Industrial Commission's decision, the common pleas court still has jurisdiction to entertain a declaratory judgment action. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for

further proceedings in Goodwin's action for declaratory judgment to determine whether he is entitled to relief under R.C. 4123.522.

*Judgment reversed
and cause remanded.*

JAMES D. SWEENEY, BLACKMON and PORTER, JJ., concur.