DECISION
{¶ 1} Relator, Prestige Delivery Systems, Inc. ("PDS"), filed this original action in mandamus asking this court to issue a writ compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its orders allowing a workers' compensation claim filed by respondent, Howard J. Schroeder, including orders denying relator's requests for relief under R.C. 4123.52 and 4123.522.
 {¶ 2} The matter was referred to a magistrate of this court pursuant to Civ.R. 53(C), and Section (M), Loc.R. 12 of the Tenth District Court of Appeals. The magistrate issued a decision analyzing the allegations of the complaint to which she applied principles of law, concluding with the recommendation that we sua sponte dismiss the action in mandamus because PDS has not stated a claim upon which relief in mandamus may be granted at this time. (Attached as Appendix A.)
 {¶ 3} Relator, PDS, objects to the magistrate's decision contending that it has stated a claim upon which relief can be granted and that dismissal pursuant to Civ.R. 12(B)(6) would be clear error.
 {¶ 4} The commission supports the objection of PDS, in part, contending that, if there is to be a judicial challenge to this or an earlier industrial commission determination, that action would have to be maintained in mandamus under R.C. Chapter 2731. Accordingly, the commission contends that the decision of the magistrate to dismiss the case should not be adopted by this court.
 {¶ 5} The magistrate has accurately set forth the allegations in the complaint and the procedural history of what has taken place in the commission in regard to claimant's injury of March 1998. We adopt the findings of the magistrate in regard to the procedural history as our own findings.
 {¶ 6} The crucial findings as far as the determination herein is that claimant was involved in an accident in March 1998, while self-employed as a driver. Claimant had two businesses with risk numbers, a farming business and a delivery business. The risk number used for the first claim was the number assigned to the farming business. The Bureau of Workers' Compensation denied the claim due to insufficient medical evidence and claimant did not appeal.
 {¶ 7} Claimant then filed a second workers' compensation claim regarding the same incident, indicating that he was self-employed in his delivery business, "Schroeder Trucking, Inc." The bureau also denied this claim finding that claimant was not covered by Ohio Workers' Compensation because he is a sole proprietor/partner who has not elected to have coverage for him on the date of injury. The district hearing officer and a staff hearing officer affirmed this determination, which was also not appealed.
 {¶ 8} Claimant filed a third workers' compensation claim regarding the same incident, which claim is the subject of the mandamus action herein. In this claim, he identified PDS as the employer, making no reference to the prior claims for the same accident. The bureau assigned a new claim number and allowed the claim. PDS did not participate in the claim determination, stating that it did not receive notice of the bureau's order allowing the claim. PDS asserted that it would have appealed if it had known of the order in time to do so. PDS alleged that, within four days of learning of the bureau's order, it filed a request for relief under R.C. 4123.522 and 4123.52. The commission denied relief under both sections.
 {¶ 9} PDS then commenced both the mandamus action in this case and an appeal to the common pleas court under R.C. 4123.512, stating that it was uncertain whether review of the commission's decision should be sought in mandamus or under R.C. 4123.512.
 {¶ 10} PDS has filed the following two objections to the magistrate's decision:
 {¶ 11} "[1.] The magistrate's decision recommending dismissal of Prestige's complaint must be overruled because mandamus is appropriate for appeal of the Industrial Commission's decision denying relief pursuant to Ohio Revised Code 4123.522.
 {¶ 12} "[2.] The magistrate's decision recommending dismissal of Prestige's complaint must be overruled because Prestige has stated a claim upon which relief can be granted."
 {¶ 13} To prevent dismissal of its mandamus action, Prestige objected to the magistrate's decision that addresses R.C. 4123.522. Prestige does not object to the magistrate's decision finding the decision on R.C. 4123.52 to be the proper subject of the mandamus action. The commission agrees with PDS to the extent that they assert mandamus is the appropriate form for PDS to contest the commission's final determinations that deny relief under both R.C. 4123.522 and 4123.52. Thus, the commission asserts that the cause of action should be referred to the magistrate to the adjudication on the merits of PDS's challenge as to the commission's decision, which is at issue.
 {¶ 14} We start with the jurisdiction of common pleas courts of Ohio over a workers' compensation claim. There is no inherent jurisdiction. Jenkins v. Keller (1966), 6 Ohio St.2d 122, 126. Instead, the court's subject matter jurisdiction is provided only to the degree allowed by statute. R.C. 4123.512 provides for the common pleas court's jurisdiction in limited circumstances.
 {¶ 15} R.C. 4123.512(A) provides, as relevant, as follows: "The claimant or the employer may appeal an order of the Industrial Commission made under division (E) of section 4123.511 of the Revised Code in any injury or occupational disease case, other than a decision as to the extent of disability to the court of common pleas of the county in which the injury was inflicted * * *." Under R.C. 4123.512(D), upon an appeal to the common pleas court, "the court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action."
 {¶ 16} These phrases, "other than a decision as to the extent of disability" and the "right to participate" found within R.C. 4123.512
have been subject to uncertainty and controversy and much litigation has followed. That controversy continues as far as the appealability of determinations by the commission under R.C. 4123.522 are concerned. The dilemma faced is a determination of whether an appeal of an order of the commission under R.C. 4123.522 may be pursued under R.C. 4123.512 to common pleas court or whether if only mandamus is available.
 {¶ 17} In this case, when PDS sought relief under R.C. 4123.522, the issue was whether a late appeal will be entertained administratively when one of the parties claim to have not received the decision and order in time to comply with the requirements for seeking further administrative relief within the commission. According to the statute, the commission must take into consideration certain factors, including whether the failure to receive the order "was due to cause beyond the control and without the fault or neglect of such person" and that such "person * * * did not have actual knowledge of the import of the information contained in the notice." This determination is unquestionably within the discretion of the commission. By challenging the commission's decision in mandamus, the standard employed would be that of the traditional "gross abuse of discretion." Did the commission abuse its discretion in denying or granting the complaining party the right to pursue a "delayed appeal."
 {¶ 18} One aspect of the commission's order under a R.C. 4123.522
determination has been decided by the Ohio Supreme Court in Afrates v. Lorain (1992), 63 Ohio St.3d 22. In that case, the commission had granted relief and allowed further administrative procedure. The Ohio Supreme Court held that an administrative order granting relief under R.C. 4123.522
was not appealable to the common pleas court under R.C. 4123.512 because it did not finalize the allowance or disallowance of the claim. Thus, there was no denial of a right to participate. The Afrates' court did not address whether a denial of relief under R.C. 4123.522, which as a practical matter finalized the allowance or disallowance of the claim, could be appealed to common pleas court. That is the issue with which we are faced in this case.
 {¶ 19} In Felty v. ATT Technologies, Inc. (1992),65 Ohio St.3d 234, in addressing a suspension of benefits, the court reiterated the rationale of Afrates stating "a decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's `claim.' The only action by the commission that is appealable under R.C. 4123.519 (now R.C. 4123.512) is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." Id. at 239. Applying the holdings of Afrates and Felty, our magistrate concluded that, when the commission denied relief under R.C. 4123.522, it finalized the claim administratively. The result of the order was that claimant could not continue to participate in the workers' compensation system for his March 1998 injuries. In other words, according to her analysis, it was an order other than a decision as to the extent of disability and was appealable to the common pleas court and extraordinary relief in mandamus was not appropriate at this time.
 {¶ 20} The clearest indication of the type of orders that are appealable under R.C. 4123.512 comes from the Supreme Court opinion in State ex rel. Liposchak v. Indus. Comm. (2000), 90 Ohio St.3d 276, a mandamus action. Issues delineated by the court concern whether dependency issues under R.C. 4123.60 could be appealed to court pursuant to R.C. 4123.512 and whether a state can collect accrued R.C. 4123.60
compensation. Id. at 278. Concerning the appealability question, the court held that dependency issues "do not invoke the basic right to participate in the workers' compensation decision." During the discussion of Liposchak, the court made several important statements regarding the right to participate. For example, the court stated: "The only right-to-participate question that is appealable is whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment." Id. at 279. The court further stated: "Thus, under our most recent precedent, any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." Id. at 280. The court concluded, at 281, "we refuse to obscure the rule that R.C. 4123.512 permits only those appeals that concern whether the employee's injury, disease, or death occurred in the course of and arising out of his or her employment."
 {¶ 21} In the case at hand, the commission's order of January 26, 2002, did not determine claimant's right-to-participate under the workers' compensation system to the extent that there was a holding concerning whether his injury occurred in the course of and arising out of his employment with PDS. The commission's order in dispute, both in the pending action in common pleas court and in the mandamus action herein, contests only the denial of PDS' request for relief under R.C.4123.522.
 {¶ 22} In Felty, the Supreme Court candidly observed that, despite the dozens of cases decided by it regarding appealability under R.C.4123.519 (now R.C. 4123.512), including cases overruled and well intentioned attempts to settle the law, that "[r]egrettably, even these attempts have failed to provide the workers' compensation bar with its clear direction it must have to effectively and efficiently conduct its practice." Id. at 236. In the footnote, the court further pointed to the continuing uncertainty about appealability that remained after the Afrates' decision.
 {¶ 23} If the decision of the magistrate is to be followed, a grant of relief under R.C. 4123.522 would not be subject to the R.C.4123.512 appeal process but a denial of that relief would be appealable. Consistency in the determination of avenues of relief pursuant to an order made under R.C. 4123.522 would be better suited to reach the Supreme Court's commendable goal to provide clarity to the litigating parties.
 {¶ 24} An additional problem arises if the order herein is permitted to be appealed to a common pleas court, pursuant to R.C. 4123.522, where there is a right to trial by jury. Having the jury adjudge whether the claimant should have a right-to-participate under workers' compensation laws extends far beyond the order and the subject that is being ruled upon by the commission. In the R.C. 4123.522 decision herein, the broad discretion given the commission in ruling upon that matter may be effectively eliminated. This is a matter far better handled by the court in a mandamus action.
 {¶ 25} Subsequently, for consistency purposes and in accordance with the principles set forth in Liposchak, the order of the commission, whether it be the denial or grant of a R.C. 4123.522 request, is not appealable to the common pleas court pursuant to R.C. 4123.512. Only a mandamus action is available to challenge that order.
 {¶ 26} The objections of relator are sustained to the extent set forth in this decision. The sua sponte decision of the magistrate to dismiss the action for failure to state a claim upon which relief can be granted is overruled. The case is returned to the magistrate for further proceedings consistent with this decision.
Objections sustained;
Case remanded to the magistrate.
PETREE, P.J., and BROWN, J. concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 DECISION IN MANDAMUS ON SUA SPONTE DISMISSAL {¶ 27} Relator, Prestige Delivery Systems, Inc. ("PDS"), filed this original action in mandamus asking the court to issue a writ compelling respondent Industrial Commission of Ohio to vacate its orders allowing a workers' compensation claim filed by respondent Howard J. Schroeder, including orders denying relator's requests for relief under R.C. 4123.52 and R.C. 4123.522.
 {¶ 28} As more fully explained below, the magistrate concludes that the complaint should be dismissed under Civ.R. 12(B)(6) because PDS has not stated a claim on which relief in mandamus may be granted at this time.
Allegations in the Complaint and Procedural History:
 {¶ 29} 1. Howard J. Schroeder ("claimant") had a delivery business and contracted with PDS to provide delivery services as an independent contractor.
 {¶ 30} 2. Claimant was involved in an accident in March 1998 while self-employed as a driver, and he filed a workers' compensation claim (claim no. 98-508501), naming his business as the employer. It appears that claimant had two businesses with risk numbers, a farming business and a delivery business. The risk number used for this claim was the number assigned to the farming business.
 {¶ 31} 3. The Bureau of Workers' Compensation denied the claim due to insufficient medical evidence, and claimant did not appeal.
 {¶ 32} 4. Claimant filed a second workers' compensation claim (no. 98-626232) regarding the same incident. He indicated he was self-employed as the owner/operator of the company, "Schroeder Trucking Inc."
 {¶ 33} 5. The bureau found that claimant was self-employed but denied benefits: "The injured worker is not covered by Ohio Workers' Compensation because the employee is a sole proprietor/ partner who has not elected to have coverage for him or herself on the date of injury."
 {¶ 34} 6. A district hearing officer affirmed. A staff hearing officer also affirmed, quoting the order of the district hearing officer:
 {¶ 35} "`The injury in this claim was previously litigated under Claim No. 98-508501, and denied, due to a lack of medical evidence. However, the files are not identical and are not to be combined, as the employers are not identical, the Claimant is the self-employed employer in both claims but Claim No. 98-508501 was filed against the Claimant's farming business and this claim was filed under Claimant's pharmaceutical delivery business. Claimant did have regular workers' compensation coverage for his farming business, but had no C-116 for either business.'" (Emphasis added.)
 {¶ 36} 7. Claimant did not appeal but filed a third workers' compensation claim regarding the same incident. In this claim, he identified Prestige Delivery Systems as the employer, making no reference to the prior claims for the same accident. The bureau assigned a new claim number and allowed the claim.
 {¶ 37} 8. PDS states that it did not receive notice of the bureau's order allowing the claim. PDS asserts that it would have appealed if it had known of the order. PDS alleges that, within four days of learning of the bureau's order, it filed a request for relief under R.C. 4123.522 and R.C. 4123.52.
 {¶ 38} 9. The commission denied relief under both R.C. 4123.522
and 4123.52.
 {¶ 39} 10. PDS then filed the present action in mandamus.
 {¶ 40} 11. According to PDS' motion filed July 31, 2002, PDS also filed an appeal to the common pleas court under R.C. 4123.512 because it was uncertain whether review of the commission's decisions should be sought in mandamus or under R.C. 4123.512.
Conclusions of Law:
 {¶ 41} It is clear that questions relating to the allowance of a claim must be challenged in the common pleas court under R.C. 4123.512
and cannot be challenged in mandamus. E.g., Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234. However, because relator has expressed uncertainty regarding whether this court has jurisdiction in mandamus or whether the issues may be challenged in a statutory appeal, the magistrate chooses not to issue a "show cause" order requiring relator to establish why the court should not dismiss the present action. The magistrate believes that issuing a sua sponte decision will result in a more expeditious resolution and will also provide an opportunity for the parties to brief the issues on objection, if they wish.
 {¶ 42} For the reasons set forth below, the magistrate concludes that the commission's decisions were appealable, in whole or in part, to the common pleas court under R.C. 4123.512. Therefore, review in mandamus is not appropriate at this time and sua sponte dismissal is appropriate.
 {¶ 43} In essence, the complaint in mandamus alleges the following: that the bureau mistakenly allowed the third claim based upon false information provided by claimant; that PDS did not receive notice of the order in time to file an administrative appeal; that, when PDS asked the commission for relief under R.C. 4123.522 based on the lack of notice of the order, the commission refused; and that the commission had a duty to correct the fraud committed upon the bureau and PDS, but failed to grant relief under R.C. 4123.52. In short, relator contends that the third claim was wrongfully allowed and that the commission abused its discretion in leaving the allowance undisturbed.
 {¶ 44} R.C. 4123.512 provides: "(A) The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted." The question before this court is whether the orders at issue were decisions "as to the extent of disability," which cannot be appealed to the common pleas court, or whether the orders involved the claimant's "right to participate" in the workers' compensation system for a claimed industrial injury, orders that can be appealed to the common pleas court under R.C. 4123.512.
 {¶ 45} In Afrates v. Lorain (1992), 63 Ohio St.3d 22, the Ohio Supreme Court observed that an administrative order granting relief under R.C. 4123.522 could not be appealed to the common pleas court because the order merely permitted further proceedings and in no way "finalized" the allowance or disallowance of the claim. The court explained that claimant had no court appeal because the order granted only further hearing and did not "negate" his pursuit of benefits or deny him a right to participate.
 {¶ 46} In Afrates, the magistrate notes that the Supreme Court expressly and narrowly identified the issue before it — whether a commission ruling under R.C. 4123.522 that a party did not receive notice of an order was appealable to the common pleas court under R.C. 4123.519
(now R.C. 4123.512). The court thus addressed only whether a grant of relief under R.C. 4123.522 was appealable to the common pleas court. It did not address whether a denial of relief under R.C. 4123.522, which essentially finalized the allowance/disallowance, could be appealed to common pleas court.
 {¶ 47} In describing the holding in Afrates as narrow, the magistrate has differed with the Eighth Appellate District in State ex rel. Goodwin v. Bureau of Workers' Comp. (1995), 104 Ohio App.3d 526. In Goodwin, the challenged order was a denial of relief under R.C. 4123.522
relating to a disallowance. The Eighth District concluded that a denial of relief under R.C. 4123.522 could be reviewed by the common pleas court under its declaratory-judgment jurisdiction but that the court lacked jurisdiction under R.C. 4123.512 because any commission decision "concerning the issue of notice under R.C. 4123.522" was not appealable, per Afrates. Goodwin at 527.
 {¶ 48} The magistrate believes that the rationale of Afrates applies to interlocutory grants of relief and thus disagrees with Goodwin insofar as the court found that Afrates applies to both grants and denials under R.C. 4123.522. However, the magistrate concurs with Goodwin to the extent that, if an appeal to the common pleas court is unavailable under R.C. 4123.512, the aggrieved party may nonetheless seek relief in the common pleas court pursuant to its jurisdiction to issue a declaratory judgment.
 {¶ 49} In Felty, supra, the Ohio Supreme Court reiterated the rationale of Afrates:
 {¶ 50} "* * * A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's `claim.' The only action by the commission that is appealable under R.C. 4123.519 [now R.C. 4123.512] is this essential decision to grant, to deny, or to determine the employee's participation or continued participation in the system." Id. at 239 (addressing a suspension of benefits).
 {¶ 51} Pursuant to the rationale in Afrates and Felty, the magistrate concludes that, where a commission decision under R.C. 4123.522
finalizes the allowance or disallowance of a claim — in other words, where the administrative order terminates further administrative pursuit of an allowance/disallowance — that decision may be appealed under R.C. 4123.512 because it has determined the claimant's right to participate.
 {¶ 52} In the present action, the commission denied relief under R.C. 4123.522. Its order permitted no further hearings and thus determined that the claim allowance was valid or at least would not be disturbed. Therefore, the result of the order was clear: claimant could continue to participate in the workers' compensation system for his March 1998 injuries. Consequently, the order was appealable under R.C. 4123.512. In other words, the administrative decision under R.C. 4123.522 was "other than a decision as to the extent of disability" and was therefore appealable to the common pleas court. Accordingly, extraordinary relief in mandamus is not appropriate.
 {¶ 53} The magistrate next turns to the denial of relief under R.C. 4123.52, a statute that includes two types of provisions: a limitations period that bars further benefits based on the passage of time after certain events (e.g., Valentino v. Keller (1967),9 Ohio St.2d 173), and a provision authorizing the commission to modify a final order when it finds new and changed circumstances, mistake of fact or law, clerical error or fraud. E.g., State ex rel. B C Machine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538.
 {¶ 54} It is well established that, when the commission has issued a final order finding that the right to participate is barred or not barred under the limitations period in R.C. 4123.52, that order is appealable to the common pleas court. Valentino; State ex rel. Consolidation Coal Co. v. Indus. Comm. (1985), 18 Ohio St.3d 281; State ex rel. Superior's Brand Meats, Inc. v. Indus. Comm. (1992),63 Ohio St.3d 277; State ex rel. Hinds v. Indus. Comm. (1999),84 Ohio St.3d 424.
 {¶ 55} It is equally well established that, when the commission has decided under R.C. 4123.52 whether to correct a final order due to a mistake, fraud, clerical error, etc., the decision can be reviewed in mandamus where the underlying administrative order involved disability compensation or medical treatment. See, e.g., State ex rel. Keith v. Indus. Comm. v. Indus. Comm. (1991), 62 Ohio St.3d 139 (reviewing an order under R.C. 4123.52 that rescinded disability compensation due to alleged fraud); State ex rel. Weimer v. Indus. Comm. (1980),62 Ohio St.2d 159 (reviewing an order finding overpayment of compensation due to clerical error); State ex rel. Cleveland, Columbus, Cincinnati Highway Co. v. Indus. Comm. (1980), 70 Ohio App.2d 41 (permitting mandamus review of order that reversed a prior final order regarding treatment); State ex rel. Board of Educ. v. Johnston (1979),58 Ohio St.2d 132 (reviewing an order under R.C. 4123.52 in which the commission declined to modify a compensation award).
 {¶ 56} However, the magistrate has not found decisions reviewing in mandamus an order under R.C. 4123.52 in which the commission decided whether to modify an allowance or disallowance, where the order had the effect of terminating all administrative pursuit of the allowance/disallowance of the entire claim by the injured worker.
 {¶ 57} A few cases are close. In State ex rel. Kilgore v. Indus. Comm. (1930), 123 Ohio St. 164, the court reviewed in mandamus a commission order that vacated a claim allowance following a collection judgment in common pleas court in favor of the employer. The Supreme Court noted that the continuing-jurisdiction statute, which at that time was Gen. Code 1465-86, authorized the commission to make changes with respect to former orders as may be justified. However, the court found that this authority was not exercised properly because other statutes demonstrated that the claim allowance/award should not have been vacated. Since Kilgore, however, the relevant statutes have been substantially amended.
 {¶ 58} The case law also includes decisions in mandamus addressing administrative attempts to modify the wording of conditions allowed in the claim. In State ex rel. Saunders v. Metal Container Corp. (1990),52 Ohio St.3d 85, the Ohio Supreme Court held that, when the commission has decided whether to modify a claim allowance under R.C. 4123.52, the order may be reviewed in mandamus. The court found that an order modifying the wording of a claim allowance was not a determination of claimant's right to participate in the workers' compensation fund because the parties did not dispute claimant's general right to participate for his injury but merely disputed the specific wording of the conditions. Similarly, in State ex rel. Morrow v. Indus. Comm. (1994),71 Ohio St.3d 236, an employer moved to clarify that several specific diagnoses were not included within "acute back strain." The commission granted the motion, stating that several conditions were not allowed as part of the back strain. The Supreme Court held that, although claimant's right to participate for the additional conditions was at issue, that issue was "secondary to the question of the commission's jurisdiction." Id. at 238. Thus, mandamus was appropriate.
 {¶ 59} The above-cited cases can be interpreted in two ways. On one hand, the court could conclude that an administrative order under R.C. 4123.52 is appealable to the common pleas court only when it terminates all further administrative pursuit of the allowance/disallowance issue and completely "shuts the door" on the question of allowance/disallowance of the claim. Afrates, Felty. See, also, State ex rel. Ellwood Engineering Casting Co. v. Indus. Comm., Franklin App. No. 01AP-1065, 2002-Ohio-3335 (finding that a grant of relief under R.C. 4123.52, which vacated a prior final order denying death benefits and merely set the matter for new hearing, was interlocutory in nature and that the parties could appeal to the common pleas court after a final award or denial of death benefits). Under this interpretation, the commission's order at issue here, declining to disallow the claim under R.C. 4123.52, would be appealable to the common pleas court — and not reviewable in mandamus.
 {¶ 60} On the other hand, the court could conclude that any final order under R.C. 4123.52, modifying or refusing to modify a prior final order, is reviewable in mandamus. This view would require the court to distinguish between commission orders involving the statute of limitations in R.C. 4123.52 and commission orders involving the correction/modification of final orders under R.C. 4123.52. That distinction, however, has been made by the Ohio Supreme Court. See Hinds, supra. Also, this proposition of law, if adopted, would mean that the courts do not apply the rationale of Afrates and Felty when R.C.4123.52 is invoked to correct/modify a final order.
 {¶ 61} This alternative proposition of law (that, when the commission in a final administrative order exercises or refuses to exercise continuing jurisdiction to make corrections/modifications based on mistake, fraud, or changed circumstances under R.C. 4123.52, that order is reviewable in mandamus, regardless of whether the underlying issue is a claim allowance) is supported by the reasoning in Morrow that the issue of claimant's right to participate is "secondary" to the question of the commission's jurisdiction under R.C. 4123.52. This proposition is also supported by the court's unrestricted rationale in Cincinnati Highway, supra, stating that an administrative order determining "whether there is" evidence of fraud, changed circumstances or mistake under R.C. 4123.52 "is a proper subject for the issuance of a writ of mandamus." Last, the holding in Kilgore is consistent with this proposition.
 {¶ 62} Thus, it appears that reasonable arguments can be presented in support of both propositions of law. Under the first interpretation, litigants would have a clear rule — that, whenever an administrative order has not finally resolved the claim allowance or disallowance, there is no right of appeal until the commission issues a final allowance/disallowance of the claim, at which point there would be an appeal under R.C. 4123.512. The common pleas court apparently would address the jurisdictional issues regarding the commission's exercise of authority under R.C. 4123.52 as well as the appeal of the allowance/disallowance. Under the second interpretation, however, litigants would also have a clear rule — any administrative order determining whether or not the commission has continuing jurisdiction under R.C. 4123.52 to correct an error, address fraud, or accommodate new and changed circumstances, etc., would be reviewable in mandamus. (Depending on the circumstances, the order would also be reviewable in prohibition. See State ex rel. Foster v. Indus. Comm. (1999),85 Ohio St.3d 320.)
 {¶ 63} On balance, in reliance on Morrow, Hinds, and Cincinnati Highway, the magistrate decides to apply the latter proposition of law with regard to administrative decisions under R.C. 4123.52 to correct or modify prior final orders.
 {¶ 64} Therefore, to summarize, the magistrate has concluded that, in the present action, the issues raised under R.C. 4123.522 are appealable to the common pleas court under R.C. 4123.512 and accordingly cannot be considered in mandamus. In contrast, the order under R.C. 4123.52
is reviewable, generally, in mandamus. However, the magistrate next considers whether, given the pending action in common pleas court, which may moot the issues in mandamus, this court should decline to consider extraordinary relief at this time.
 {¶ 65} In State ex rel. LTV Steel Co. v. Indus. Comm. (Dec. 20, 1995), Franklin App. No. 95AP-675 (Magistrate's Decision), adopted March 14, 1996 (Memorandum Decision), the issues raised in mandamus were whether the commission abused its discretion in approving treatment for a newly allowed condition and whether the commission abused its discretion in granting TTD based on the newly allowed condition. In addition, relator stated that it disputed the allowance of the new condition and had filed an action in common pleas court. This court determined that, because there was a pending action in common pleas court that could moot the issues in mandamus, a grant of extraordinary relief in mandamus at that point would be premature. Thus, in LTV Steel, this court chose to refrain from determining issues of compensation and treatment, which generally are reviewable in mandamus, until the common pleas court resolved the underlying allowance issue. The court ruled that relator was not entitled to a writ of mandamus "at this time." (This result is consistent with the result in Ellwood Engineering, supra, which involved a combination of issues, some of which were appealable to the common pleas court.)
 {¶ 66} The present action involves a number of distinct issues. At least one of the determinative issues raised in this action is not reviewable in mandamus and is pending before the common pleas court. Because the matter may, therefore, be resolved in the ordinary course of law in the statutory appeal, it would be premature for this court to address extraordinary relief at this time.
 {¶ 67} Therefore, the magistrate reaches three conclusions. First, a denial of relief under R.C. 4123.522, which essentially finalizes a claim allowance and precludes further administrative pursuit of a claim allowance/disallowance, can be appealed to the common pleas court under R.C. 4123.512 or reviewed by that court in declaratory judgment. Accordingly, in the present action, the court of appeals does not have mandamus jurisdiction to address the commission's decision under R.C. 4123.522.
 {¶ 68} Second, when the commission decides that there is, or is not, evidence of fraud, changed circumstances, or mistake sufficient to warrant modification of a prior final order under R.C. 4123.52, that decision is a proper subject for review in mandamus.
 {¶ 69} Third, extraordinary relief in mandamus is premature where an action is proceeding in common pleas court in the ordinary course of law that may render moot the request for extraordinary relief in mandamus. Here, the common pleas court can consider the administrative order under R.C. 4123.522 (either in a statutory appeal or declaratory judgment), and this court can address subsequently, if necessary, any remaining issues in mandamus as to which relator did not have an adequate remedy in the ordinary course of law. In other words, extraordinary relief in mandamus is premature at this time.
 {¶ 70} Accordingly, even if all the allegations in the complaint are accepted as true, PDS cannot establish that it is entitled to an extraordinary writ at this time. Therefore, the magistrate recommends sua sponte dismissal of the present action in mandamus.