[Cite as *State ex rel. Blaine v. Indus. Comm.*, 2015-Ohio-3568.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Eric M. Blaine, | : | |
| Relator, | : | |
| v. | : | No. 14AP-689 |
| Industrial Commission of Ohio and Hamilton County, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on September 1, 2015

*Fox & Fox Co.*, *L.P.A.*, and *Karen P. Mitchell*, for relator.

*Michael DeWine*, Attorney General, and *Cheryl J. Nester,* for respondent Industrial Commission of Ohio.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Jeremiah Seebohm*, for respondent Hamilton County, Ohio.

IN MANDAMUS

TYACK, J.

{¶ 1} Eric M. Blaine filed this action in mandamus, seeking a writ to compel the Industrial Commission of Ohio ("commission") to exercise continuing jurisdiction in his industrial claim.

{¶ 2} In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision

which is appended hereto.  The magistrate's decision includes a recommendation that we deny the request for a writ.

{¶ 3}  No party has filed objections to the magistrate's decision.  It is now before the court for review.

{¶ 4}  No error of law or fact is present on the face of the magistrate's decision. We therefore adopt the findings of fact and conclusions of law contained in the magistrate's decision.  As a result, we deny the request for a writ of mandamus.

*Writ denied.*

KLATT and HORTON, JJ., concur.

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Eric M. Blaine, | : | |
| Relator, | : | |
| v. | : | No. 14AP-689 |
| Industrial Commission of Ohio and Hamilton County, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

### M A G I S T R A T E'S   D E C I S I O N

Rendered on May 13, 2015

*Fox & Fox Co.*, *L.P.A.*, and *Karen P. Mitchell*, for relator.

*Michael DeWine*, Attorney General, and *Colleen C. Erdman,* for respondent Industrial Commission of Ohio.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Jeremiah Seebohm*, for respondent Hamilton County, Ohio.

### IN MANDAMUS

{¶ 5} In this original action, relator, Eric M. Blaine, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the November 1, 2013 order of its staff hearing officer ("SHO") that denies relator's August 26, 2013 motion for the exercise of R.C. 4123.52 continuing jurisdiction over the May 1, 2013 order of its district hearing officer ("DHO") that disallows the industrial claim

for the conditions of "tear left medial meniscus and tear medial cartilage left knee," and to adjudicate the merits of relator's August 26, 2013 motion pursuant to its continuing jurisdiction.

Findings of Fact:

{¶ 6}   1. On September 19, 2012, relator injured his left knee while employed as a deputy sheriff for respondent Hamilton County.  The injury occurred during a fitness test relator was performing.

{¶ 7}   2. In his complaint, at paragraph four, relator alleges that the industrial claim (No. 12-349662) is allowed for "sprain of the left medial collateral ligament and partial tear of the left patellar tendon."  In its answer, the commission admits to the allowed conditions as set forth in the complaint.

{¶ 8}   3. In early October 2012, treating physician Daniel A. Funk, M.D., referred relator for an MRI of the left knee.

{¶ 9}   4. On October 5, 2012, relator underwent an MRI of the left knee.  The radiologist who read the MRI rendered the following "impression":

> Mild complex increased signal within the posterior horn of the medial meniscus suggesting a complex tear.

{¶ 10} 5. On February 8, 2013, Dr. Funk wrote:

> I have told the patient that at this point his symptoms do seem to indicate a possible meniscus tear.  This was equivocal and the previous MRI [sic] but given his continued symptoms, I think it is more likely clinically.  For that reason I have offered him arthroscopy. * * *
>
> I have discussed the procedure of 29881 Arthroscopy, knee surgical; with meniscectomy (medial OR lateral) including the proposed benefits, risks, complications and alternatives with the patient. * * * At the conclusion of this discussion the patient has made an informed decision to proceed with the intended treatment plan.

(Emphasis sic.)

{¶ 11} 6. On or about February 12, 2013, Dr. Funk or his office completed a form provided by the Ohio Bureau of Workers' Compensation ("bureau") that is captioned, "Request for Medical Service Reimbursement or Recommendation for Additional

Conditions for Industrial Injury or Occupational Disease." The form is designated by the bureau as a C-9.

{¶ 12} On the C-9, for the requested services "Surgery 29881 left knee" is written. The treating diagnosis is listed as codes "836.0" and "844.9."

{¶ 13} Apparently, the initial C-9 was not signed by Dr. Funk. Thus, the managed care organization ("MCO") did not process the initial C-9. Several days later, the same C-9 was submitted to the MCO with Dr. Funk's signature.

{¶ 14} 7. On February 15, 2013, the MCO completed a bureau form captioned, "Request for Additional Medical Documentation for C-9." On this form, the MCO indicated to Dr. Funk that medical documentation in the form of "Office/Progress notes" is needed to support the C-9 request for surgery.

{¶ 15} On the MCO's request, the MCO stated:

> The Codes listed on the C9 836.0 and 844.9 are not currently allowed conditions of the claim. [D]o you want the BWC to amend them to the claim?

{¶ 16} 8. By letter dated February 26, 2013, the MCO denied the request for surgery. The reason for the denial is "Requested service or treatment not appropriate for allowance in claim."

{¶ 17} 9. On the C-9 form, box six sets forth the following query:

> If you are recommending additional conditions to the claim, supporting documentation is required. * * * Provide diagnosis (narrative description only), and location and site for conditions you are requesting.

{¶ 18} 10. On a third C-9 form containing the same date, i.e., February 12, 2013, as the two previous C-9's, Dr. Funk responded to box six by listing codes "836.0" and "844.9."

> Apparently, after the third C-9 was submitted, the MCO wrote:

> Additional condition request has been forwarded to the BWC for further determination.

{¶ 19} 11. The record contains a letter to relator mailed March 5, 2013 from a bureau claims service specialist ("CSS"):

> This letter documents our conversation on 3-5-2013 regarding the additional condition(s) of tear medial cartilage left knee and sprain left knee identified by your physician on 2-12-13. Per our conversation, this letter serves as documentation of your formal request for BWC to begin our evaluation of the identified condition(s). We will notify you in writing of our decision upon completion of our evaluation.
>
> If you do not agree, or if you have questions or concerns, please contact me immediately at the phone or fax number listed below.

{¶ 20} 12. On March 5, 2013, the CSS entered a notation on bureau records indicating: "The [Injured Worker] is in agreement with the additional conditions being requested."

{¶ 21} 13. At the request of the bureau, James D. Brue, M.D., conducted a review of the records contained in the claim file. In his five-page narrative report dated March 21, 2013, Dr. Brue opined:

> It is my medical opinion that there is not sufficient evidence to support the request for sprain left knee, tear left medial meniscus as being the direct and proximate result of industrial injury by direct causation, substantial aggravation or flow through.

(Emphasis sic.)

{¶ 22} 14. On May 1, 2013, a DHO heard the request for additional allowances in the claim. Relator was present at the hearing. Following the hearing, the DHO mailed an order on May 4, 2013 denying the request for additional allowances. The DHO explains:

> The District Hearing Officer considers the Request For Additional Allowance filed by Injured Worker on 03/05/2013. The District Hearing Officer finds that the request for sprain of the left knee is moot as the condition of sprain of the left knee is redundant with the conditions, already recognized in the claim.
>
> The District Hearing Officer finds that the conditions of tear of the left medial meniscus and tear medial cartilage left knee are not causally related to the industrial injury of date and the previously recognized conditions in the claim. Therefore the conditions of **TEAR LEFT MEDIAL**

**MENISCUS** and **TEAR MEDIAL CARTILAGE LEFT KNEE** are **DISALLOWED**.

This order is based on the medical report of Dr. Brue dated 03/21/2013.

(Emphasis sic.)

{¶ 23} 15. The May 1, 2013 order of the DHO was not administratively appealed.

{¶ 24} 16. On August 26, 2013, alleging a clear mistake of law, relator, through counsel, moved that the commission exercise continuing jurisdiction over the DHO's order of May 1, 2013 that disallowed the claim for "tear left medial meniscus and tear medial cartilage left knee."

{¶ 25} 17. Following a September 23, 2013 hearing, a DHO mailed an order on September 27, 2013 denying relator's August 26, 2013 motion for the exercise of continuing jurisdiction.

{¶ 26} 18. Relator administratively appealed the DHO's order of September 23, 2013.

{¶ 27} 19. Following a November 1, 2013 hearing, an SHO issued an order that affirms the September 23, 2013 DHO's order. The SHO's order of November 1, 2013 explains:

The order of the District Hearing Officer, issued on 09/27/2013, is hereby affirmed.

It is the order of the Staff Hearing Officer that the C-86 motion, filed by the Injured Worker on 08/26/2013, is denied.

In the motion, the Injured Worker requested that the Industrial Commission of Ohio exercise its continuing jurisdiction over the claim pursuant to R.C. 4123.52, and vacate the District Hearing Officer order issued on 05/04/2013. The Injured Worker argued that the District Hearing Officer order issued on 05/01/2013, contain[s] a mistake of law.

It is the finding of the Staff Hearing Officer that the order issued on 05/04/2013 by District Hearing Officer does not contain a mistake of law, and thus, there is no grounds to

exercise continuing jurisdiction by the Industrial Commission over the order and vacate it. The District Hearing Officer order, issued on 05/04/2013, addressed a request to amend the claim to include additional conditions. The Injured Worker argued that the request was not physically signed by the Injured Worker, and thus, it was an error for the Hearing Officer to proceed and adjudicate whether the claim should be amended to include the conditions addressed in the order. The issue of whether to amend the claim to include the additional condition was raised pursuant to a C-9 request filed on 02/26/2013. The C-9 request was signed by Dr. Funk. In response to the request, the Bureau of Workers' Compensation contacted the Injured Worker who verbally acknowledged his desire to pursue the additional conditions. The Injured Worker's telephone conversation was memorialized in a letter dated 03/05/2013 from the Bureau of Workers' Compensation, and in the Bureau of Workers' Compensation claim notes filed on 04/03/2013. Ultimately, the Bureau of Workers' Compensation referred the issue to [the] Industrial Commission for hearing. That hearing occurred on 05/01/2013. The Injured Worker did attend that hearing, as noted by the order at issue.

Therefore, the Injured Worker's request to vacate the order issued by a District Hearing Officer on 05/04/2013, is denied.

This order is based on O.R.C. 4123.52, the C-9 request filed on 02/26/2013, the BWC claim notes filed on 04/03/2013, the BWC letter, dated 03/05/2013, and the DHO order issued on 05/04/2013.

{¶ 28} 20. On November 26, 2013, another SHO mailed an order refusing relator's administrative appeal from the SHO'S order of November 1, 2013.

{¶ 29} 21. On September 4, 2014, relator, Eric M. Blaine, filed this mandamus action.

Conclusions of Law:

{¶ 30} This action is barred by a plain and adequate remedy at law that relator failed to pursue. Thus, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

{¶ 31} Mandamus will not lie where the relator has a plain and adequate remedy at law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983). The failure to pursue an adequate administrative remedy bars mandamus. *State ex rel. Reeves v. Indus. Comm.*, 53 Ohio St.3d 212 (1990).

{¶ 32} Relator had a statutory right under R.C. 4123.511(C) to appeal the May 1, 2013 order of the DHO to an SHO. However, relator failed to exercise his statutory right to appeal. The statutory right to appeal the DHO's order of May 1, 2013 to an SHO constitutes an adequate administrative remedy that bars this mandamus action. *Id.*

{¶ 33} Notwithstanding his failure to pursue the adequate administrative remedy, relator moved the commission to exercise its continuing jurisdiction over the DHO's order of May 1, 2013.

{¶ 34} Continuing jurisdiction is not unlimited. Its prerequisites are: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; and (5) error by an inferior tribunal. *State ex rel. Gobich v. Indus. Comm.*, 103 Ohio St.3d 585, 2004-Ohio-5990; *State ex rel. Royal v. Indus. Comm.*, 95 Ohio St.3d 97 (2002); *State ex rel. Foster v. Indus. Comm.*, 85 Ohio St.3d 320 (1999); and *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454 (1998).

{¶ 35} While relator's failure to appeal the DHO's order of May 1, 2013 did not prohibit the commission from exercising its continuing jurisdiction, *State ex rel. Scott v. Ohio Bur. of Workers' Comp.*, 73 Ohio St.3d 202 (1995), it does prohibit this court from issuing a writ of mandamus.

{¶ 36} Speaking through its magistrate, this court in *State ex rel. Barko Ents., Inc., v. Indus. Comm.*, 10th Dist. No. 09AP-572, 2010-Ohio-5435, ¶ 29, states:

> Relator cannot eliminate the effect of its failure to administratively appeal the bureau's order by subsequently filing a motion for the exercise of continuing jurisdiction. Whether the commission rightly or wrongly determined not to exercise continuing jurisdiction is not an issue before this court because relator failed to administratively appeal the bureau's order.

{¶ 37} This court's statement in *Barko* is equally applicable here. That is, relator cannot eliminate the effect of his failure to administratively appeal the DHO's order of

May 1, 2013 that disallows his claim for "tear left medial meniscus and tear medial cartilage left knee" by subsequently filing a motion for the exercise of continuing jurisdiction over the DHO's order of May 1, 2013.

{¶ 38} Whether or not the commission, through its SHO's order of November 1, 2013 denying the motion for continuing jurisdiction, correctly determined that the DHO of May 1, 2013 had the authority to adjudicate a request for the allowance of additional conditions in the claim without relator's signature approving such request is not an issue before this court in this mandamus action. Clearly, relator could have raised the issue before an SHO had he administratively appealed the DHO's order of May 1, 2013, even though relator apparently never raised the issue before the DHO. The proceeding before an SHO would have been a de novo review of the DHO's order of May 1, 2013. Clearly, a motion for the exercise of continuing jurisdiction cannot be used as a substitute for an appeal.

{¶ 39} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

/S/MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).