[Cite as *Draper v. N. Am. Science Assocs., Inc.*, 2017-Ohio-2811.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Crystal E. Draper

    Appellant

v.

North American Science Associates,
Inc., et al.

    Appellees

Court of Appeals No. WD-16-041

Trial Court No. 16 CV 181

**DECISION AND JUDGMENT**

Decided: May 12, 2017

* * * * *

Marc G. Williams-Young and William R. Menacher, for appellant.

Matthew O. Hutchinson and Eric W. Komuniecki, for appellee
North American Science Associates, Inc.

Mike DeWine, Ohio Attorney General, and Anastasia K. Hanson,
Assistant Attorney General, for appellee Administrator, Bureau of
Workers' Compensation.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Crystal Draper, appeals from the July 12, 2016 judgment of the

Wood County Court of Common Pleas granting summary judgment to appellees, North

American Science Associates, Inc. (Draper's employer) and the Administrator of the

Bureau of Workers' Compensation, and dismissing Draper's appeal on the ground that the trial court did not have subject-matter jurisdiction to consider Draper's appeal. For the reasons which follow, we affirm. On appeal, appellant asserts the following single assignment of error:

The trial court erred in granting summary judgment in favor of Appellees North American Science Associates, Inc., and the Administrator of the Bureau of Workers' Compensation.

{¶ 2} The trial court converted a motion to dismiss into a motion for summary judgment, because the parties submitted affidavits with their motions and granted summary judgment to appellees and dismissed the appeal on the ground that the trial court lacked subject-matter jurisdiction. We note the trial court did not have to convert appellees' Civ.R. 12(B)(1) motion to dismiss into a Civ.R. 56(C) motion for summary judgment since a "trial court has authority to consider any pertinent evidentiary materials when determining its own jurisdiction." *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 111, fn. 3, 564 N.E.2d 477 (1990), citing *Southgate Development Corp. v. Columbia Gas Transmission Corp.*, 48 Ohio St.2d 211, 214, 358 N.E.2d 526 (1976), paragraph one of the syllabus.

{¶ 3} On appeal, we review the trial court's decision to grant or deny a Civ.R. 12(B)(1) motion under a de novo standard of review if we agree the facts are undisputed. *Smith v. White*, 2014-Ohio-130, 7 N.E.3d 552, ¶ 25 (2d Dist.); *Jenkins v. Eberhart*, 71 Ohio App.3d 351, 355, 594 N.E.2d 29 (4th Dist.1991). In this case, while the trial court

2.

considered the affidavits of the staff counsel at the Workers' Compensation Bureau and counsel for plaintiff during the administrative hearings, those affidavits merely authenticated copies of the prior filings with and orders of the Industrial Commission and there were no disputed facts regarding the court's jurisdiction. Therefore, we consider whether the trial court had subject-matter jurisdiction based on the undisputed facts of this case.

{¶ 4} Draper filed a workers' compensation claim on April 1, 2013, stating her injury as: "checking incubators, picking up jars and pain started shooting through hand/wrist area" and the injury was to her "right hand/wrist." Draper's application further indicated that she was diagnosed by T. E. Lieser, M.D. with the condition of "right thumb extensor tendonitis" and he indicated the injury was "causally related to the industrial injury."

{¶ 5} Draper's application was disallowed on April 22, 2013, for "TENOSYNOV HAND/WRIST NEC RIGHT WRIST" and "TENOSYNOV HAND/WRIST NEC RIGHT THUMB." Furthermore, the denial order noted that:

> Medical documentation indicates the mechanism of injury is unclear. ER report indicates the claimant actually had been experiencing pain with the right wrist after being involved in a car accident on 03-01-13. Dr. Lieser, M.D. notes it is clear the current right thumb and wrist complaints stem from the 03-01-13 motor vehicle accident injuries.

3.

Therefore, the commission found Draper "has not met * * * her burden of proof." Draper did not appeal this order.

{¶ 6} Approximately one year later, on July 8, 2014, Draper filed a second workers' compensation claim describing an injury of "repetitive motion involving both hands opening between 200 to 400 jars a day." The type of injury was noted as "bilateral hands/wrists." Draper asserts in her brief that her appeal from the order disallowing this claim is still pending.

{¶ 7} In the following year, on October 20, 2015, Draper filed a C86 motion with respect to the first claim seeking to have the Industrial Commission exercise its continuing jurisdiction over the first claim, pursuant to R.C. 4123.52. She sought to have the Industrial Commission vacate the April 22, 2013 order and reconsider her claim on the ground that it contained two clear mistakes of fact. She asserted that: (1) the Industrial Commission had disallowed her claim for a medical condition she had not asserted and did not consider her claim for "right thumb extensor tendonitis" and (2) Dr. Lieser reviewed the emergency Center report related to Draper's March 1, 2013 automobile accident, a copy of which was not filed in the instant claim, and which noted on page two that: "patient denies elbow pain, * * * wrist pain, * * * hand pain, * * * finger pain."

{¶ 8} On November 20, 2015, the district hearing officer denied Draper's motion for continuing jurisdiction on the ground of collateral estoppel finding that the "claim has been previously disallowed." Furthermore, the hearing officer held: "[T]he Staff

4.

Hearing Officer decision in [the second claim] ruled on the issue of mistake of fact, stating that the opinion of Thomas Lieser M.D. was an opinion that was not appealed, not a mistake of fact. Therefore, [Draper] is precluded from asserting this defense in the instant claim."

{¶ 9} Draper appealed this order to the staff hearing officer, who on January 8, 2016, modified the order to state, in pertinent part:

The [first] claim was denied * * * based upon the medical evidence on file. That order was not appealed. In addition, a subsequent claim was filed * * * where the issue of the mistake of fact in Dr. Lieser's order was addressed. There was found to be no error * * * based upon the Staff Hearing Officer order in that claim issued November 29, 2014. As a result of the above, the Hearing Officer finds that this claim is res judicata. The claim was not appealed from the Administrative order which cited specific supporting medical, and the same supporting medical was not found to be mistaken by subsequent order in a separate claim with the same individual.

Therefore, the staff hearing officer denied Draper's requests.

{¶ 10} Draper appealed the staff hearing officer's order to the Industrial Commission and on February 3, 2016, it refused to hear the appeal. On March 28, 2016, Draper appealed the order of the staff hearing officer to the Wood County Court of Common Pleas pursuant to R.C. 4123.512. Appellees moved for dismissal of the appeal pursuant to Civ.R. 12(B)(1), asserting that the trial court lacked subject-matter

5.

jurisdiction and that the order of the staff hearing officer could only be challenged through a mandamus action, not an appeal.

{¶ 11} The trial court found the issue raised in the motion for continuing jurisdiction was unrelated to Draper's right to participate in the workers' compensation fund. Instead, the trial court concluded that Draper should have appealed the original April 22, 2013 order disallowing the claim on the basis that she asserted a specific condition of tendonitis and the Industrial Commission disallowed the specific condition of tenosynovitis. By the time of the October 19, 2015 motion, the trial court concluded, Draper's right to participate had already been denied. The trial court found that the staff hearing officer's additional finding that the claim was disallowed was "surplusage" because the officer had already denied continuing jurisdiction. Draper sought an appeal of the trial court's judgment to this court.

{¶ 12} The jurisdiction of the common pleas court to hear appeals from an order of the Industrial Commission is conferred solely under the Workers' Compensation Act. *Benton v. Hamilton Cty. Educ. Serv. Ctr.,* 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778, ¶ 7, quoting *Jenkins v. Keller*, 6 Ohio St.2d 122, 216 N.E.2d 379 (1966), paragraph four of the syllabus. Orders of the Industrial Commission which involve "the claimant's right to participate or continue to participate in the fund" are appealable to the common pleas court. R.C. 4123.512(D). *Bennett v. Adm., Ohio Bureau of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 17. After the right to participate for a specific condition has been determined by the Industrial Commission, no

6.

subsequent ruling is appealable unless it impacts the right to participate. *Felty v. AT&T Techs., Inc.*, 65 Ohio St.3d 234, 236, 602 N.E.2d 1141 (1992), paragraph two of the syllabus.

{¶ 13} When the Industrial Commission has disallowed a claim, all compensation, expenses, and awards of every kind must be denied because the commission has no jurisdiction in such cases. *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 279, 737 N.E.2d 519 (2000), citing *Lewis v. Trimble*, 79 Ohio St.3d 231, 244, 680 N.E.2d 1207 (1997), citing 3 Larson, Workmen's Compensation Law (1996) 15-959 to 15-961, Section 80.41. Except, R.C. 4123.52(A) grants the Industrial Commission the discretion to exercise continuing jurisdiction to modify a prior order within a certain period of time. That jurisdiction may be invoked by a party if one of five preconditions exists: "(1) new and changed circumstances, (2) fraud, (3) clear mistake of fact, (4) clear mistake of law, or (5) error by an inferior tribunal." *State ex rel. Gobich v. Indus. Commn.*, 103 Ohio St.3d 585, 2004-Ohio-5990, 817 N.E.2d 398, ¶ 14, citing *State ex rel. Nicholls v. Indus. Comm.*, 81 Ohio St.3d 454, 459, 692 N.E.2d 188 (1998). "[A] motion for the exercise of continuing jurisdiction cannot be used as a substitute for an appeal." *State ex rel. Blaine v. Indus. Comm. of Ohio*, 10th Dist. Franklin No. 14AP-689, 2015-Ohio-3568, ¶ 38. *See Benton v. Hamilton Cty. Educ. Serv. Ctr.*, 123 Ohio St.3d 347, 2009-Ohio-4969, 916 N.E.2d 778, ¶ 9-12 ("refusal of the Industrial Commission to discontinue a claim does not involve the right of the claimant to participate" and the employer cannot "stand in the position it would have if it had alleged fraud on appeal of the allowance of the claim").

7.

{¶ 14} Any order issued by the Industrial Commission relating to the statute of limitations to exercise its continuing jurisdiction is reviewable on appeal to the common pleas court pursuant to R.C. 4123.512 when that ruling impacts the right to participate or to continue to participate. R.C. 4123.52(A), *State ex rel. Hinds v. Indus. Comm.*, 84 Ohio St.3d 424, 425, 704 N.E.2d 1222 (1999); *State ex rel. Superior's Brand Meats, Inc. v. Indus. Comm. of Ohio*, 63 Ohio St.3d 277, 280, 586 N.E.2d 1077 (1992); *Afrates v. Lorain*, 63 Ohio St.3d 22, 584 N.E.2d 1175 (1992), paragraph one of the syllabus.

{¶ 15} However, a motion to have the Industrial Commission exercise its continuing jurisdiction to modify a prior order based upon one of the criteria noted above (a mistake of fact as alleged in this case), involves a discretionary determination of whether the Industrial Commission should exercise its continuing jurisdiction to modify the prior order. *State ex rel. Saunders v. Metal Container Corp.*, 52 Ohio St.3d 85, 86, 556 N.E.2d 168 (1990) (mandamus is the appropriate remedy to challenge an order of the Industrial Commission clarifying an allowed condition as a more specific condition than that asserted by the claimant and found by the staff hearing officer). Such an order cannot be challenged on appeal because it is unrelated to the right to participate or continue to participate and, therefore, may only be challenged by filing an application for a writ of mandamus. *Id*. *See also State ex rel. Cleveland, Columbus, Cincinnati Highway Co. v. Indus. Comm.,* 70 Ohio App.2d 41, 42, 434 N.E.2d 279 (10th Dist.1980); *Lane v. Bureau of Workers' Comp.*, 2d Dist. Montgomery No. 24618, 2012-Ohio-209,

8.

¶ 31; *Hudson v. Tomkins Indus.*, 118 Ohio App.3d 131, 138-140, 691 N.E.2d 1146 (2d Dist.1997).

{¶ 16} It is clear from the orders of the district hearing officer and staff hearing officer that neither officer considered the allegation that the prior order made an erroneous reference to the specific condition asserted by the claimant. Because the claim was disallowed for the reason that no occupational injury was suffered by Draper, any error in stating the specific condition is moot. Draper could have raised the issue of whether an occupational injury had occurred in an appeal of the prior order, and she could have also argued that the specific condition denied was not the same as what was asserted, but she did not. Without an occupational injury to a body part, there is no need to determine if there is a causal relationship between the claimant's specific condition and the alleged injury. R.C. 4123.68; *Paschall v. Mayfield*, 8th Dist. Cuyahoga No. 58748, 1991 Ohio App. LEXIS 3308, *4 (July 3, 1991).

{¶ 17} Both officers considered only the allegation that the claim had been previously disallowed based on a mistake of fact as to Dr. Lieser's medical opinion. Both officers found that this issue was not an issue of a "mistake of fact," which would warrant the exercise of continuing jurisdiction to correct the error. Rather, both officers concluded this was an issue of whether there had been an error in disallowing the claim based on evidence in the record, and it was an issue which could only have been raised on appeal from the prior order disallowing the claim. We agree that because no appeal was taken, the issue is now res judicata.

9.

**{¶ 18}** Accordingly, we find Draper's single assignment of error not well-taken.

**{¶ 19}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE