[Cite as *Draper v. N. Am. Science Assocs., Inc.*, 2018-Ohio-2117.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Crystal E. Draper

　　　　Appellant

v.

North American Science
Associates, Inc., et al.

　　　　Appellees

Court of Appeals No. WD-17-020

Trial Court No. 2016CV598

**DECISION AND JUDGMENT**

Decided:　June 1, 2018

* * * * *

Marc G. Williams-Young and William R. Menacher,
for appellant.

Matthew O. Hutchinson and Eric W. Komuniecki, for
appellee North American Science Associates, Inc.

Mike DeWine, Ohio Attorney General, and Anastasia K.
Hanson, Assistant Attorney General, for appellee
Administrator, Bureau of Workers' Compensation.

* * * * *

**JENSEN, J.**

### I. Introduction

{¶ 1} Appellant, Crystal Draper, appeals the judgment of the Wood County Court

of Common Pleas, granting summary judgment in her workers' compensation appeal to

appellees, North American Science Associates, Inc. ("NAMSA") and the Administrator of the Ohio Bureau of Workers' Compensation ("BWC").

## A. Facts and Procedural Background

{¶ 2} This is not the first time this court has had an occasion to review the trial court's dismissal of Draper's claim for workers' compensation benefits. Indeed, Draper has filed three such claims. In the first claim, the matter was denied in the administrative process. The matter was then appealed to the trial court, where the administrative decision was affirmed. We then reviewed the trial court's judgment in *Draper v. N. Am. Science Assocs.*, 6th Dist. Wood No. WD-16-041, 2017-Ohio-2811. In our decision in *Draper*, we summarized the following facts, which are relevant to the present action:

> Draper filed a workers' compensation claim on April 1, 2013, stating her injury as: "checking incubators, picking up jars and pain started shooting through hand/wrist area" and the injury was to her "right hand/wrist." Draper's application further indicated that she was diagnosed by T. E. Lieser, M.D. with the condition of "right thumb extensor tendonitis" and he indicated the injury was "causally related to the industrial injury."
>
> Draper's application was disallowed on April 22, 2013, for "TENOSYNOV HAND/WRIST NEC RIGHT WRIST" and "TENOSYNOV HAND/WRIST NEC RIGHT THUMB."

2.

**{¶ 3}** Furthermore, the denial order noted that:

> Medical documentation indicates the mechanism of injury is unclear. ER report indicates the claimant actually had been experiencing pain with the right wrist after being involved in a car accident on 03-01-13. Dr. Lieser, M.D. notes it is clear the current right thumb and wrist complaints stem from the 03-01-13 motor vehicle accident injuries.

> Therefore, the commission found Draper "has not met * * * her burden of proof." Draper did not appeal this order. *Draper* at ¶ 4-5.

**{¶ 4}** Meanwhile, on December 17, 2013, Draper filed a second claim for workers' compensation benefits, in which she asserted an injury to her hands that occurred while working for NAMSA as a clean room tech, the same position she identified in her first claim for benefits. On January 13, 2014, the Administrator of the BWC disallowed Draper's second claim for several medical conditions including bilateral radial styloid tenosynovitis, finding that there was no medical relationship between the diagnosed condition and the described injury. In the decision disallowing the second claim, the Administrator referenced its prior disallowance of Draper's first claim, and noted that it pertained to the "same/similar conditions wherein the employee was treated by Thomas Lieser."

**{¶ 5}** Draper challenged the Administrator's disallowance of her second claim before a district hearing officer, who heard the matter on March 20, 2014. At the hearing, Draper requested that her second claim be dismissed. Consequently, the district hearing

3.

officer issued an order stating, in relevant part: "At the Injured Worker's request, the [First Report of Injury] is dismissed. Therefore the Bureau of Workers' Compensation order dated 1/13/2014 is vacated."

{¶ 6} Approximately four months later, on July 8, 2014, Draper filed a third workers' compensation claim describing an injury of "repetitive motion involving both hands opening between 200 to 400 jars a day." The type of injury was noted as "bilateral hands/wrists." Draper did not specify her occupation or job title in her third claim for workers' compensation benefits.

{¶ 7} Draper's third claim was disallowed by the Administrator on July 28, 2014. Draper appealed the Administrator's order to the district hearing officer, who heard the matter on October 7, 2014. Following the hearing, the district hearing officer issued a decision denying Draper's appeal and finding that "[t]he identical theory of recovery with regard to the right wrist was presented in [the first claim]. * * * The issue as to wear and tear activities and injuries to the right wrist is, therefore, barred by the [doctrine] of res judicata."

{¶ 8} The matter then proceeded to a staff hearing officer, who affirmed the Administrator's disallowance of Draper's third claim on November 18, 2014. In the staff hearing officer's decision, she found that the denial of Draper's first claim barred consideration of the third claim under the doctrine of res judicata. Additionally, the staff hearing officer determined that the injuries alleged in Draper's third claim were unrelated to her work activities with NAMSA after reviewing a doctor's report in which Draper's

4.

injuries were indicated to have pre-dated the third claim. According to the reporting doctor's medical opinion, Draper's injuries were the product of natural deterioration. Draper appealed the staff hearing officer's decision to the Ohio Industrial Commission who, on December 16, 2014, issued its decision denying the appeal.

{¶ 9} Having no success litigating her third claim in the administrative arena, Draper appealed the Industrial Commission's decision to the trial court on February 17, 2015. Approximately nine months later, Draper voluntarily dismissed her appeal under Civ.R. 41(A)(1)(a).

{¶ 10} In October 2015, one month before filing the aforementioned dismissal with the trial court, Draper filed a C86 motion with respect to the first claim seeking to have the Industrial Commission exercise its continuing jurisdiction over the first claim, pursuant to R.C. 4123.52. She sought to have the Industrial Commission vacate the April 22, 2013 order and reconsider her claim on the ground that it contained two clear mistakes of fact, namely that: (1) the Industrial Commission had disallowed her claim for a medical condition she had not asserted and did not consider her claim for "right thumb extensor tendonitis" and (2) Dr. Lieser reviewed the Emergency Center report related to Draper's March 1, 2013 automobile accident, a copy of which was not filed in the instant claim, and which noted on page two that: "patient denies elbow pain, * * * wrist pain, * * * hand pain, * * * finger pain." The denial of this motion ultimately led Draper to appeal to the district hearing officer, the staff hearing officer, the Industrial

5.

Commission, and the trial court. Draper's appeal was denied at every stage, causing her to file her notice of appeal with this court in *Draper*, *supra*.

{¶ 11} On May 12, 2017, we issued our decision in *Draper*, in which we found that Draper could have raised the issue of whether an occupational injury had occurred in a direct appeal, but failed to do so. Therefore, we held that res judicata barred Draper's workers' compensation claim. *Draper*, 6th Dist. Wood No. WD-16-041, 2017-Ohio-2811, at ¶ 17.

{¶ 12} On November 2, 2016, while Draper's first appeal was pending before this court, Draper refiled her voluntarily dismissed third claim with the trial court. Two weeks later, NAMSA filed its motion to dismiss, arguing that Draper's third claim was barred by res judicata because it was based on the same injury as her first two claims, both of which were denied.

{¶ 13} On December 22, 2016, Draper filed her memorandum in opposition to NAMSA's motion to dismiss. In her memorandum, Draper argued that the Administrator's denial of her second claim did not trigger res judicata because that decision was subsequently vacated by the district hearing officer upon Draper's dismissal of the second claim. Further, Draper argued that the denial of the first claim did not bar her third claim because the two claims were based upon different medical conditions that arose at different times. Specifically, Draper contended that the injury at issue in the first claim was limited to her right hand and wrist. That injury arose in March 2013 and was caused by "picking up jars." The injury at issue in the third claim involved both hands

6.

and wrists. That injury occurred in early-2014 and was caused by "grasping and twisting/turning motion with the hands."

{¶ 14} On January 30, 2017, the Administrator of the BWC filed a motion for partial summary judgment, in which it sought summary judgment on the portion of Draper's claim that involved her right hand and wrist. In its attached memorandum, the Administrator advanced the same res judicata arguments that were articulated by NAMSA in its motion to dismiss.

{¶ 15} Upon consideration of the foregoing motions, the trial court issued its decision on March 13, 2017. In its decision, the trial court found that NAMSA's motion to dismiss relied upon matters outside the pleadings. Consequently, the trial court converted the motion to dismiss into a motion for summary judgment. The court then found that Draper's third claim was barred by res judicata. In particular, the court found that Draper's claimed injury to her right hand and wrist was previously denied without being appealed. Further, the trial court found that the Administrator's denial of her second claim, which included her left hand and wrist, barred her claim for injuries to her left hand and wrist. In so finding, the trial court rejected Draper's assertion that the district hearing officer's dismissal of her second claim, which included an order vacating the Administrator's disallowance of the claim, prevented the application of res judicata. Having found that Draper's claims were barred by res judicata, the trial court granted NAMSA's motion for summary judgment as well as the Administrator's motion for partial summary judgment. Draper's timely notice of appeal followed.

7.

## B. Assignments of Error

{¶ 16} On appeal, appellant assigns the following errors for our review:

I. The trial court erred in granting summary judgment (motion to dismiss converted to motion for summary judgment) in favor of appellee North American Science Associates, Inc., in finding that res judicata applies to bar that portion of appellant's claim for her left upper extremity injury based upon a previously vacated BWC Order and dismissed claim application (i.e., a non-existent claim).

II. The trial court erred in granting summary judgment in favor of both appellees in finding that res judicata bars appellant's 2014 claim for her right upper extremity injuries where the 2013 and 2014 claims involve distinctly different mechanisms of injury, different dates of injury, and different medical conditions.

## II. Analysis

{¶ 17} In her assignments of error, Draper argues that the trial court erred in granting summary judgment in favor of appellees after finding that her claim was barred by res judicata.

{¶ 18} We review an award of summary judgment de novo, applying the same standards as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate

8.

where (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 19} In this case, the dispositive issue concerns the application of the doctrine of res judicata. Res judicata bars "the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Consumers' Counsel v. Pub. Util. Comm.*, 16 Ohio St.3d 9, 10, 475 N.E.2d 782 (1985). The doctrine applies to administrative proceedings. *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals*, 31 Ohio St.3d 260, 510 N.E.2d 373 (1987). For res judicata to apply, there must exist "an identity of parties and issues in the proceedings." *Beatrice Foods Co. v. Lindley*, 70 Ohio St.2d 29, 35, 434 N.E.2d 727 (1982).

{¶ 20} Here, Draper filed three claims for workers' compensation. All of these claims concern alleged workplace injuries to Draper's hands and wrists. In the first claim, Draper complained of an injury to her right hand and wrist and was diagnosed with right thumb extensor tendonitis. This claim was denied upon the finding that the injury was caused by a motor vehicle accident and not a workplace-related event. In the second claim, Draper complained of an injury to both hands and wrists and was diagnosed with bilateral DeQuervains syndrome. This claim was denied by the Administrator, but was

9.

dismissed prior to an adjudication on the merits before the district hearing officer, who vacated the BWC Administrator's order. In her present claim, Draper complains of a wear and tear injury to her hands and wrists stemming from her opening of between 200 and 400 jars per day. The record reveals that Draper has been diagnosed with bilateral DeQuervains tenosynovitis in connection with this claim.

{¶ 21} In her first assignment of error, Draper contends that the trial court erred in relying upon the Administrator's disallowance of her second claim, which was "vacated" by the district hearing officer prior to an adjudication, as a basis for the denial of her third claim on res judicata grounds. We agree.

{¶ 22} The record reveals that Draper was denied benefits by the BWC Administrator. After the Administrator disallowed Draper's claim, she sought review from the district hearing officer. At some point thereafter, and prior to any adjudication of her second claim before the Administrator, Draper sought to have her First Report of Injury ("FROI") dismissed. The district hearing officer then dismissed the FROI without ruling on its merits. In the order dismissing the FROI, the district hearing officer indicated that the Administrator's order was "vacated." Therefore, Draper's second claim, alleging an injury to her "hands" described as "while working fingers were locking up and couldn't use my thumb, sharp pain shooting up both arms" was *dismissed* and not disallowed. There were no findings entered by the district hearing officer. Since the second claim was never "actually and necessarily litigated and determined in a prior action," it could not be used to bar Draper's subsequent claim for an industrial injury.

10.

*Goodson v. McDonough Power Equipment, Inc.*, 2 Ohio St.3d 193, 195, 443 N.E.2d 978 (1983).

{¶ 23} Accordingly, Draper's first assignment of error is well-taken.

{¶ 24} In her second assignment of error, Draper asserts that the trial court erred in finding that the denial of her first claim barred her third claim where the claims involved distinctly different mechanisms of injury, different dates of injury, and different medical conditions.

{¶ 25} As to the application of res judicata on the basis of the denial of Draper's first claim, the record demonstrates that Draper assigned different dates to her injuries and described the injuries using different terms. Appellees argue that the injuries Draper identifies in her claims are synonymous with one another and are therefore one and the same. Further, appellees contend that Draper's job responsibilities have been consistent throughout these proceedings.

{¶ 26} Having reviewed the record in a light most favorable to Draper as the nonmoving party, we find that a question of fact exists as to whether the injuries she identified in her first claim are the same injuries she identified in her third claim. According to the record, Draper was diagnosed in her first claim with right thumb extensor tendonitis allegedly due to the act of picking up jars and checking incubators. By contrast, Draper's third claim involved the alleged injury of bilateral DeQuervains tenosynovitis stemming from opening 200 to 400 jars per day. While medical evidence may establish that these injuries are one and the same, as posited by appellees, such

evidence does not exist in the record as of yet. Thus, we cannot say that the injuries alleged in Draper's first claim are the same injuries she alleges in her third claim, as required to trigger the application of res judicata. Given this question of fact, we find that the trial court erred in granting summary judgment to appellees.

{¶ 27} Accordingly, Draper's second assignment of error is well-taken.

### III. Conclusion

{¶ 28} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is reversed. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                 _____
                                                 JUDGE

James D. Jensen, J.                                       _____

Christine E. Mayle, P.J.                             JUDGE
CONCUR.

                                                   _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.